[No. 11987.   Department Two. — May 28, 1889.]

JOSEPH R. MITCHELL ET AL., RESPONDENTS, v.
CHARLES A. HAWLEY ET AL., APPELLANTS.

INJUNCTION BOND IN FEDERAL COURT — SUIT IN STATE COURT — DAMAGES — COUNSEL FEES. — An injunction bond given in a federal court cannot be held to have been signed with the understanding that suit would be brought thereon in a federal court, and that counsel fees would not be recovered as damages, because not allowed as such in the federal courts; nor is an action on such bond in the state court subject to the rule that counsel fees can in no instance be recovered as damages.

ID. — COUNSEL FEES WHEN NOT ALLOWED. — In a suit on an injunction bond in a case where a gross counsel fee was paid for the defense of a suit, and no separate or distinct amount of money was paid to the attorneys for an unsuccessful attempt to procure a dissolution of the injunction, and no special charge was made therefor, and there is no sufficient showing in the evidence of a segregation and apportionment of the services, no counsel fee can be allowed as damages, though the court finally decided by dismissal of the action that the plaintiff was not entitled to an injunction. The allowance of counsel fees as damages is exceptional, and should not be carried beyond the point to which former decisions have taken it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*M. A. Wheaton*, and *G. E. Harpham*, for Appellants.

*Charles A. Shurtleff*, for Respondents.

McFARLAND, J. — This is an action to recover damages on a bond for a temporary injunction in an action in the United States circuit court. The judgment was for plaintiffs, and defendants appeal from the judgment, and from an order denying a new trial. The court found that plaintiffs were damaged by the injunction, generally, in the sum of $770, and that they were also entitled to the further sum of $400, for attorneys' fees in procuring its dissolution.

1. We have carefully examined the elaborate argument of the learned counsel for appellants to the point that the evidence does not justify the court in finding the first item of damage of $770, but after a close examination of the transcript and the views of counsel, we find no reason for disturbing that finding. It would serve no useful purpose to discuss that matter in detail.

2. We cannot agree with counsel in the view that in an action brought in a court in this state, on an injunction bond given in a court of the United States, counsel fees can, in no instance, be recovered as damages, because such damages are not allowed by the federal courts. Bondsmen, in such a case, cannot be held to have contracted with the understanding that a suit would be brought upon the bond (if it all) in a federal court, and that their liabilities would be fixed according to the view which that court might be supposed to take of the law. If, for instance, the defendants here and the defendants in the injunction suit were all residents of California (which was probably the fact) an action on the bond could probably not be maintained in a federal court at all.

3. But we think the court below erred in allowing as damages the item of four hundred dollars for attorneys' fees. The allowance of counsel fees in suits on injunction bonds, and in one or two other actions of a kindred character, is exceptional; and it should not be carried beyond the point to which former decisions have taken it. In the injunction suit in which the bond now before us was given, the attorneys for the defendants were given five hundred dollars in gross for all their services in the case. They made an effort to get the temporary injunction dissolved, but failed. Afterward the injunction was ended by the dismissal of the action; and the action was dismissed because a recent decision of the supreme court of the United States, made after the attempt to dissolve the injunction had failed, determined all the issues

in the injunction suit against the plaintiffs therein. Whether or not attorneys' fees can be recovered at all for services rendered in an unsuccessful attempt to dissolve an injunction it is not necessary here to decide. In New York it was held that "having thus been unsuccessful in resisting the allowance of the injunction, there is no ground upon which the sureties can be required to pay these expenses." (*Randall* v. *Carpenter*, 88 N. Y. 293.) And in *Allen* v. *Brown*, 5 Lans. 511, the court says as follows: " The respondent's motion before the trial of the action on the merits for an order vacating the injunction was denied. The referee correctly refused to allow the defendants any costs or counsel fees on that motion, for the reason that the expenses of an unsuccessful motion to set aside an injunction cannot be recovered, though the court afterward decides that the plaintiff was not entitled to the injunction." Without now holding that such should be the rule here, it is sufficient to say that in the case at bar there was no separate, distinct amount of money paid the attorneys for services in unsuccessfully attempting to procure a dissolution of the injunction, no special charge made for them, and no sufficient showing in the evidence of a segregation and apportionment of a part of the gross sum to those services. (*Bustamente* v. *Stewart*, 55 Cal. 115.)

The cause is remanded, with directions to the superior court to modify the judgment by striking out the four hundred dollars awarded for attorneys' fees, and in all other respects the judgment and order are affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.