[No. 12050.  Department One. — April 21, 1890.]

## SAN JOSÉ AND ALMADEN RAILROAD COMPANY, RESPONDENT, v. JOHN MAYNE, APPELLANT.

EMINENT DOMAIN — CONDEMNING RIGHT OF WAY FOR RAILROAD — PROOF OF VALUE AT DATE OF SUMMONS. — In a proceeding to condemn a right of way for a railroad, the value of the land proposed to be taken is to be determined as of the date of the summons issued in the action; and it is error to confine the inquiry to the present value of the land at the date of trial.

ID. — PROOF OF BENEFIT TO LAND NOT TAKEN — INSTRUCTION — SEPARATE VERDICT — ERROR WITHOUT INJURY. — Under section 11 of article 1 of the constitution, when a right of way is appropriated to the use of any corporation, other than municipal, full compensation must be made to the owner, irrespective of any benefit from the proposed improvement; and in a proceeding to condemn a right of way for a railroad company, it is error to allow proof of benefits which might result from the building of the railroad to land of the defendant not taken, or to instruct the jury to find separately how much such land would be benefited thereby; but if the jury find that no benefit would thereby accrue to the defendant, the error is without injury.

ID. — EVIDENCE OF VALUE — ASSESSMENT OF TAXES. — The assessment of property for taxation is not admissible as evidence of its value in condemnation proceedings.

ID. — ASSESSMENT LIST SIGNED BY DEFENDANT. — The signing of an assessment list by the defendant, with a valuation attached to the property, is not a declaration by him as to the value of the land.

ID. — COMPENSATION — COUNSEL FEES. — The defendant cannot recover the value of counsel fees paid by him as part of his compensation or damages for the taking of his property for a public use.

ID. — ALLOWANCE BY JURY INCONSISTENT WITH SPECIAL FINDING. — An allowance by the jury for cross-fences, fruit-trees, and inconvenience of the curve, appended to their special finding that there was no damage to lands of defendant not taken, is inconsistent with such special finding, and should not be included in the judgment.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.

The facts are stated in the opinion.

*Hiram D. Tuttle*, for Appellant.

*J. B. Lamar*, for Respondent.

FOOTE, C. — This action was instituted for the purpose of condemning a right of way for a railroad through

the lands of John Mayne, the defendant and appellant.

The cause was tried with the intervention of a jury, to whom were referred special issues of fact for determination.

Upon the verdict of the jury on the special issues, adopted by the court, judgment was entered, and a final order of condemnation made by the trial court.

The amount of money awarded by the jury as compensation for the land taken, and also that awarded for damages to the land not taken, was paid into court by the plaintiff, and accepted by the defendant upon the following terms: "And I hereby abandon all defense to this action, except as to the amount of damages that I may be entitled to in the event that a new trial shall be granted herein," signed by the defendant and his attorneys of record.   This last proceeding is in accordance with the provisions of section 1254 of the Code of Civil Procedure.

A motion for a new trial was made and denied; from the order made in the premises, and the judgment, the defendant appeals.   He claims that the court erred in deciding that the defendant was not entitled to prove the value of the land proposed to be taken at the date of the summons issued in the case.

From the transcript it appears that John Ryan, a witness for the plaintiff, was asked what would be a fair price for the defendant's land, taking it all together. He was allowed to answer over the defendant's objection, one of the grounds of which was that the question related to the *present* value of the land, and not to its value at the date of the summons.   The court overruled the objection, on the ground, as stated, that the present value of the land, and not the value at the date of the summons, must be ascertained.   To which ruling the defendant excepted.

Again, the defendant proposed to prove by competent

evidence "what the value of the land proposed to be condemned was at the date of the summons in this case, to which plaintiff objected, on the ground that the present value, and not the value at the date of the summons, must be taken in determining the value by the jury." The court sustained the objection, and the defendant duly excepted.

It appears, therefore, that the question decided was, at what specific time, for the purpose of assessing compensation and damages, the right thereto shall. have accrued, and at what date its actual value shall be proven as a measure of compensation.

This contention seems to be settled by section 1249 of the Code of Civil Procedure, which declares that the right to the assessment of compensation and damages accrues at the date of the summons, and that the actual value at that date shall be the measure of compensation and damages. This statute was held to be constitutional in *Cal. Southern R. R. Co.* v. *Kimball*, 61 Cal. 91. In *Tehama County* v. *Bryan*, 68 Cal. 57–65, a similar decision was rendered, and the principle determined that the true measure of damages is to be that fixed by the statute *supra*. The ruling of the court below, being in opposition to the plain terms of the law above referred to, was erroneous.

It is also urged that the witness Spencer was unlawfully permitted by the court to give evidence in favor of the plaintiff as to "benefits" which might result to the defendant by reason of the location of the railroad on his premises.

In this connection it is proper, also, to notice the objection which is made to the fourth instruction given by court, which is: "The jury must find separately how much the portion of defendant's said land not sought to be condemned in this action will be benefited, if at all, by the building of the railroad proposed by plaintiff."

It was said by the appellate court in *Pac. C. R'y Co.* v. *Porter,* 74 Cal. 262:—

"1. It is argued for the appellant that evidence should have been admitted of the benefits accruing to the remaining land, and that such benefits should have been deducted from the amount of damage assessed. But the constitution expressly provides that 'no right of way shall be appropriated to the use of any corporation, *other than municipal,* until full compensation therefor be first made in money, or ascertained and paid into court for the owner, *irrespective of any benefit* from any improvement proposed by such corporation.' (Const., art. 1, sec. 14.)

"Under this provision, the benefits supposed to result to the remainder of the land cannot be considered. An exception to this rule is provided when the corporation for whose use property is taken is a 'municipal corporation.' The cases of *Butte County* v. *Boydston,* 64 Cal. 110, and *Tehama County* v. *Bryan,* 68 Cal. 57, fall within this exception. For, as is well said by respondent's counsel, the word 'municipal,' as used in the provision, refers to such corporations as are for public government, and therefore includes counties. Unless the cases mentioned proceed upon this ground, we do not see how they can be sustained."

· But while it is clear that the evidence admitted was improper, as also the instruction, it appears that the jury, in answer to the question of "benefits," submitted to them, declared there were none accruing to the defendant, so that the error worked no prejudice to him, and the matter is only discussed here in view of the retrial of the cause.

The court allowed the plaintiff, against the objection of the defendant that the same were incompetent and irrelevant, to introduce in evidence certain statements signed by the defendant for the years 1884, 1885, and 1886. The assessor who had them in charge, as a witness on the

trial, stated: "The deputy who made the assessment fixed the values, and returned the statements with the values as fixed by him, and if the values fixed by him were not satisfactory, they were changed at the office; and that was the general custom in his office, but he could not remember what was done with reference to these particular statements."

The statements were evidently those required under sections 3629 to 3633 of the Political Code. Nowhere in them, or in any other sections of that code which have been called to our attention, is there any provision which requires the person whose property is to be assessed to fix the value thereof. The record here shows that such fixing of value, if made, was by the assessor, and not by the defendant. We cannot, therefore, perceive what relevancy the statements had to the question of value of the land to be taken. They were not, in any way, declarations by the defendant as to the value of his land; and even if they have the same force and effect as an assessment roll made by the proper officer, they are inadmissible.

"The assessment of property for taxation being made for another purpose, and not at the instance of either party, and not usually at the market value of the property, is not admissible as evidence of value in condemnation proceedings." (Lewis on Eminent Domain, sec. 448; *Texas etc. R'y Co.* v. *Eddy*, 42 Ark. 527; *Brown* v. *Providence etc. R. R. Co.*, 5 Gray, 35.)

The contention of the defendant that he was entitled to put in evidence the value of counsel fees, and to recover for the same as part of his compensation or damage, is untenable. There is no statute in this state which establishes any such rule.

Neither was he entitled to have included in the judgment the sum of forty dollars, allowed by the jury for "cross-fences, fruit-trees, and inconvenience of the curve," and appended to their answer to the fourth

special issue. The jury had determined the special issue by their verdict, "No damage on the east side to lands," and the allowance made after that was not in response to the issue tendered, or in accordance with the finding quoted, and the court acted properly in not including it in the judgment.

No further prejudicial error is shown, but for the reasons heretofore stated, we advise that the judgment and order be reversed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed.