## HOOPER v. PATTERSON et al.

### No. 14,394; February 25, 1893.

32 Pac. 514.

**Appeal—Time for Taking.**—An Appeal from a Judgment should be dismissed where it is not taken until more than two years after the entry thereof.

**Injunction Bond—Action on by Administrator—Attorney Fees.** In an action by an administrator on an injunction bond, the amount of attorneys' fees paid by the intestate in procuring a dissolution of the injunction cannot be recovered, when such fees have not been paid, and no claim for them had been filed against the estate, at the time of filing the complaint.

**Injunction Bond—Action on—Interest.**—In such action, it is error to allow interest on the damages from the date of filing the complaint, as such damages are unliquidated and uncertain until settled by process of law, or by the parties.

APPEAL from Superior Court, City and County of San Francisco; T. H. Rearden, Judge.

Action by W. N. Hooper, as administrator of Terence Burke, deceased, against James Patterson and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Appeal from the judgment dismissed. Order denying a new trial reversed.

Wm. H. H. Hart for appellants; T. V. O'Brien, O'Brien & Morrison and O'Brien & Dangerfield for respondent.

VANCLIEF, C.—Action upon two injunction bonds to recover $5,000 damages alleged to have been sustained by plaintiff's intestate, by reason of the injunctions. The plaintiff had judgment for $500, with interest thereon from February 29, 1884 (the date of filing original complaint), until the date of judgment, May 4, 1889, and costs, taxed at $188.20. The defendants appeal from the judgment, and from an order denying their motion for a new trial. The appeal from the judgment should be dismissed, as it was not taken until September 23, 1891—more than two years after the entry of the judgment.

The two injunction bonds were given in the same action. The first injunction having been dissolved on demurrer to the complaint, the second, to the same effect, was granted upon an amended complaint and a second bond. A demurrer to the amended complaint, upon which the second injunction was issued, was also sustained, and thereupon final judgment, dismissing the complaint and dissolving the injunction, was rendered. From this judgment, an appeal was taken, whereupon the judgment and order dissolving the injunction were affirmed: See Hall v. Thiesen, 61 Cal. 525, 527. The injunction restrained plaintiff's intestate and the sheriff of El Dorado county, pendente lite, from selling, on execution in favor of the former, certain mining claims, and improvements thereon. The findings of the court negative all alleged damages by reason of the injunction, except as follows: (1) "That said Burke (plaintiff's intestate) was necessarily put to costs and expenses, in the amount of $500, for attorneys' fees in procuring the dissolution of said injunctions, and expended said sum." (2) "That said Burke was necessarily put to cost and expense, in the amount of $200, for attorneys' fees in the supreme court of the state of California, in procuring an affirmance of said judgment dissolving said injunctions."

1. It is contended for appellant that neither of these findings is justified by the evidence. I think this point should be sustained. The evidence not only fails to show that Burke or his administrator ever paid any attorneys' fees for services in procuring a dissolution of either injunction, but positively shows that no such fees were ever paid, and, furthermore, shows that the estate of Burke was not liable for any such fees at the time the amended complaint, on which the case was tried, was filed, for the reason that no claim for any such fees was ever presented for allowance to the administrator of Burke, or to the probate judge. The plaintiff was appointed and qualified as administrator of Burke more than four months prior to the filing of the original complaint herein, and nearly two years before the filing of the last amended complaint; and it appears that notice to the creditors had been duly published by the administrator. Substantially all this appears from the testimony of Thomas V. O'Brien, a witness for plaintiff, who appears to have been the

leading attorney for Burke in the action in which the injunctions were issued, and also in this action; and there was no other evidence on the trial, touching attorneys' fees for services in procuring a dissolution of the injunctions, than this testimony. In the late case of Mitchell v. Hawley, 79 Cal. 301, 21 Pac. 833, this court said: "The allowance of counsel fees in suits on injunction bonds, and in one or two other actions of a kindred character, is exceptional; and it should not be carried beyond the point to which former decisions have taken it." By former decisions in this state, it seems to have been well settled that in cases of this kind attorneys' fees cannot be recovered as damages sustained by reason of the injunction, unless they have been paid. The principal former decisions to this effect are to be found in the following cases: Willson v. McEvoy, 25 Cal. 170; Prader v. Grimm, 28 Cal. 11; Roussin v. Stewart, 33 Cal. 208; Bustamente v. Stewart, 55 Cal. 115.

2. Appellant also makes the point that the court erred in allowing interest on the damages, and I think this point is well taken. The liability of the defendants, if any, arose from a contract; but the amount of the damages could not have been estimated or ascertained by means of the contract; nor does the contract furnish any data useful as a factor in estimating the damages. Therefore, the damages were unliquidated and uncertain, and could only be made certain by proof and adjudication on the trial, or by a settlement between the parties: Coburn v. Goodall, 72 Cal. 509, 1 Am. St. Rep. 75, 14 Pac. 190; Heald v. Hendy, 89 Cal. 632, 27 Pac. 67.

I think the appeal from the judgment should be dismissed; but that the order denying a new trial should be reversed, and a new trial granted. But inasmuch as it appears that the attorneys for defendants refused to accept an offer of plaintiff's attorneys to consent to an order granting a new trial, made at the time notice of defendants' motion for a new trial was served, I think the appellant should pay the costs of the appeal.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed and the order denying a new trial is reversed and a new trial granted. Costs of appeal to be paid by appellant.