[Nos. 15246, 15247, 15248.   Department Two.—June 26, 1894.]

LOREN COBURN, APPELLANT, v. M. D. TOWNSEND ET AL., RESPONDENTS.   LOREN COBURN, APPELLANT, v. P. BROOKS ET AL., RESPONDENTS, AND LOREN COBURN, APPELLANT, v. GEORGE M. JOSSELYN, RESPONDENT, ET AL.

PRINCIPAL AND SURETY—BOND IN CONDEMNATION PROCEEDINGS—PAYMENT BY PRINCIPALS.—Where the principals have paid all the damages covered by a bond given by them in condemnation proceedings no damages can be recovered from the sureties.

ID.—COUNSEL FEES NOT ENFORCED AGAINST PRINCIPAL.—Where it does not appear that a claim for counsel fees was not withdrawn, or not litigated and determined in a suit against the principal, such claim cannot be enforced against the sureties.

ID.—COUNSEL FEES IN CONDEMNATION PROCEEDINGS.—Counsel fees are not allowable in a general judgment for a defendant in a proceeding for condemnation.

APPEAL from a jugdment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

The defendants are estopped to allege the unconstitutionality or the nullity of the bonds on any grounds.

Their principals received in each case every advantage, and the adverse party suffered every disadvantage which would have accrued to either if the statute had been valid. (*Daniels* v. *Tearney*, 102 U. S. 421; *Ferguson* v. *Landram*, 5 Bush, 230; 96 Am. Dec. 350; 1 Bush, 548; *Van Hook* v. *Whitlock*, 26 Wend. 43; 37 Am. Dec. 246; *Lee* v. *Tillotson*, 24 Wend. 337; 35 Am. Dec. 624; *People* v. *Murray*, 5 Hill, 468; *Burlington* v. *Gilbert*, 31 Iowa, 356; 7 Am. Rep. 143; *B. C. R. & M. R. R. Co.* v. *Stewart*, 39 Iowa, 267; *Bidwell* v. *City of Pittsburgh*, 85 Pa. St. 412; 27 Am. Rep. 662; *Dewhurst* v. *Allegheny*, 95 Pa. St. 440.) Counsel fees are recoverable upon the undertakings upon which these actions are brought. (*Ah Thaie* v. *Quan Wan*, 3 Cal. 216; *Edwards* v. *Bodine*, 11 Paige, 224; 1 Sutherland on Damages, 141, 142; *Levitzky* v. *Canning*, 33 Cal. 299; *McGary* v. *Hastings*, 39 Cal. 360; 2 Am. Rep. 456; *Swett* v. *Patrick*, 12 Me. 9; *Pitkin* v. *Leavitt*, 13 Vt. 379.)

*Fox & Kellogg*, for Respondents.

The law under which the undertaking was given was unconstitutional. (*San Mateo Water Works* v. *Sharpstein*, 50 Cal. 284; *Sanborn* v. *Belden*, 51 Cal. 266.) The law being unconstitutional, the undertaking is void. (*Vilhac* v. *Stockton etc. R. R. Co.*, 53 Cal. 209; Cooley's Constitutional Limitations, 188.) All the damages have been recovered as against the principal, and therefore none could be recovered against the sureties, even if the undertaking were valid. (*Priestly* v. *Fermi*, 3 Hurl. & C. 977; *Martin* v. *Quinn*, 37 Cal. 55; *Smith* v. *Plummer*, 5 Whart. 89; 34 Am. Dec. 530; *Sartwell* v. *Frost*, 122 Mass. 184; *Tuthill* v. *Wilson*, 90 N. Y. 423; Freeman on Judgments, secs. 226, 249; Wharton on Agency, sec. 473.) No recovery could be had for counsel fees in this action. (See *San Jose etc. R. R. Co.* v. *Mayne*, 83 Cal. 566; *Mitchell* v. *Hawley*, 79 Cal. 302; High on Injunctions, 2d ed., secs. 973, 974, 1688–90.)

McFARLAND, J.—These cases are substantially alike, and will be considered together. Each action was

against the defendants, as sureties, upon a bond in certain condemnation proceedings. The bond was given in pursuance of an order of the court in the condemnation proceedings, that the plaintiff therein might, at the commencement of said proceedings, take possession of lands claimed by plaintiffs in these present actions, and sought therein to be condemned, upon giving an undertaking as provided by section 1254 of the Code of Civil Procedure, as it stood prior to 1880. The court, in each case, rendered judgment for defendants, and plaintiff appeals in each case from the judgment, upon the judgment-roll alone.

The judgments must be affirmed. In the first place, the provision of the code, and of the statute which preceded the code, under which the orders for possession were made in the condemnation proceedings, was held to be and was unconstitutional, and the bonds or undertakings here sued on were void. (*San Mateo Water Works* v. *Sharpstein*, 50 Cal. 284; *Sanborn* v. *Belden*, 51 Cal. 266; *Vilhac* v. *Stockton etc. R. R. Co.*, 53 Cal. 209.) In the second place, it is found by the court that plaintiff commenced a certain action against Charles Goodall et al., in which he recovered damages in the sum of ten thousand dollars, which was paid; and "that the said damages so recovered by the said plaintiff Coburn, and so paid as aforesaid, cover all the alleged damages sued for in this action, and other damages (except the counsel fees hereinbefore stated), and that the alleged possession and trespass in said action of *Coburn* v. *Goodall* covers and includes all the alleged possession and trespass for which recovery is sought to be had in this suit, and that said damages were recovered by the said plaintiff upon the claim that the said alleged use and possession named in the complaint herein as being held against said Coburn was really and in fact the possession of said defendants in said suit of *Coburn* v. *Goodall*." This being so, appellant cannot again recover from the sureties what was paid by the principals. As to the counsel fees, in the first place it does not appear that they

were withdrawn or were not litigated and determined in the case of *Coburn* v. *Goodall;* and, in the second place, we do not know of any law that allows counsel fees in a general judgment for a defendant in a proceeding for condemnation. (*Mitchell* v. *Hawley,* 79 Cal. 301.) We see no reason for a reversal of the judgment.

The judgment appealed from in each of the above cases is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred in the judgment on the second ground discussed in the opinion of Mr. Justice McFarland.