[Civ. No. 1193.  Third Appellate District.—April 2, 1914.]

## PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Respondent, v. M. M. CHUBB, Appellant.

EMINENT DOMAIN—COUNSEL FEES—WHETHER ALLOWABLE TO DEFENDANT.—Counsel fees are not allowable to the defendant in a general judgment in his favor in proceedings for condemnation under the power of eminent domain.

ID.—JUST COMPENSATION—WHETHER INCLUDES COUNSEL FEES.—The "just compensation" to which the owner of property is entitled under section 14 of article I of the constitution in proceedings in eminent domain, does not include reasonable disbursements made by him for attorneys at the trial; it has reference to the value of the property taken and the damage to property not taken, and nothing more.

ID.—COSTS—SECTION 1255 OF THE CODE OF CIVIL PROCEDURE.—The costs referred to in section 1255 of the Code of Civil Procedure are the ordinary and usual costs attending trials and allowed under statutory provisions; they do not include attorney fees in condemnation suits.

ID.—ABANDONMENT OF ACTION—COSTS AND COUNSEL FEES.—Under section 1255a of the Code of Civil Procedure there must be an abandonment of the condemnation suit, express or implied, before attorney fees are allowable to the defendant on a dismissal of the action.

APPEAL from an order of the Superior Court of Placer County refusing attorney fees to the defendant in eminent domain proceedings. N. J. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Robinson & Robinson, and Harry L. Price, for Appellant.

John M. Fulweiler, Wm. B. Bosley, Thos. J. Straub, and Stanley Moore, for Respondent.

CHIPMAN, P. J.—This was a proceeding in eminent domain in which the jury awarded the sum of one thousand two hundred dollars as damages. It is stated in the transcript: "There was not submitted to the jury, and the jury did not take into consideration any element of attorneys' fees of the defendant in the case in its verdict." In defendant's cost-bill were included two items of costs for attorneys' fees. A motion to tax the costs was made by plaintiff. At the hearing the items of attorneys' fees were stricken out of the cost-bill and as to all other items it was allowed. Defendant appeals from so much of the order as denied attorneys' fees.

Appellant claims: 1. That the "just compensation," to which the owner of the property is entitled, under section 14 of article I of the constitution, includes reasonable disbursements made by him for attorneys at the trial; 2. That section 1255a of the Code of Civil Procedure authorizes the recovery of such disbursements.

1. The constitutional provision is as follows: "Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for, the owner, . . . which compensation shall be ascertained by a jury, unless a jury be waived." Section 1249 of the Code of Civil Procedure, provides that "for the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected."

Obviously, the jury could not take into account attorneys' fees as an element of property value or of damage to property not taken, and it has been so held. *Mitchell .v. Hawley,* 79 Cal. 301, [21 Pac. 833]; *San Jose R. Co.* v. *Mayne,* 83 Cal. 566, [23 Pac. 522]; *Coburn* v. *Townsend,* 103 Cal. 233, [37

Pac. 202].   If the measure of compensation is to be the actual value of the land at the date the summons issues or at the date of the trial, and if this compensation is to be ascertained by a jury or a court sitting as a jury; and if the jury or court cannot take into account attorneys' fees as an element of damage, it would seem to follow that the "just compensation" contemplated by the constitution is the value of the land taken, and the damage to land not taken and nothing more.   "Just compensation consists in making the owner good by an equivalent in money, for the loss he actually sustains in the value of his property by being deprived of a portion of it."   (*Lafflin* v. *Chicago etc. Co.,* 33 Fed. 415; Lewis on Eminent Domain, 2d ed., sec. 462.)   The adjective "just" only emphasizes what would be true if omitted— namely, that the compensation should be equivalent of the property and this compensation is "for the property, and not to the owner."   (*Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, [37 L. Ed. 463, 13 Sup. Ct. Rep. 622].)

The procedure by which this just compensation is to be ascertained is as much the subject of statutory law as is the procedure by which the property is to be taken.   There is no way to exercise the right of eminent domain except as prescribed by statute and there is no way for the property owner to secure just compensation for his property except by statute law.   A statute which would undertake to make the compensation in money less than its fair market value would violate the constitution, which forbids the taking of private property without just compensation, and less than the market value would not be just compensation.

But there is nothing in the constitution which prohibits the legislature from providing that the owner of the property taken may be allowed his necessary costs or expenses in resisting the taking of his property or in ascertaining its value. Hence, in the procedure prescribed by the Code of Civil Procedure we find, in section 1255 the following provision: "Costs may be allowed or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court."   The costs here referred to are the ordinary and usual costs attending trials and allowed under statutory provisions and it is expressly provided, by section 1021 of the same code, that attorneys' fees are not

included in the term "costs." It has frequently been held that costs are recoverable only by virtue of some statute. If, then, attorneys' fees are not allowed by statute as costs and if they form no part of the "just compensation" which is to be ascertained by a jury or the court sitting as a jury, it is not possible to discover whence comes the power of the court to allow attorneys' fees at all. That costs are allowable only by virtue of some statute, see *Bond* v. *United Railroads,* 20 Cal. App. 124, [128 Pac. 786]; and cases there cited.

That the term "costs" as used in the statute does not include attorneys' fees we have not only section 1021 as answer but the courts have so held. (Id: *Miller* v. *Kehoe,* 107 Cal. 340, [40 Pac. 485].) Whenever it is held otherwise by our courts it has been by virtue of express statutory authority. Section 1251 of the Code of Civil Procedure, allows attorneys' fees in suit on bond given to recover payment of final judgment in condemnation proceedings; also in escheat proceedings; in a foreclosure suit, section 726; in partition, sections 796, 798; in suit by an executor on claim against the estate, section 1510; in injunctions vacated or dissolved in cases involving water, section 532. Attorneys' fees as costs were allowed in mechanics lien cases, section 1195, but have since been held an unwarranted exercise of power by the legislature. These are all exceptions to and confirmatory of the rule laid down in section 1021, as to the compensation of attorneys.

Appellant's contention is that "the jury in awarding damages not being in a position to make defendant whole, the courts have wisely held that this result must be obtained through a cost-bill; that all defendant's necessary costs and disbursements must be placed therein and that plaintiff corporation must pay the same." Reliance is placed upon the decision in *San Francisco* v. *Collins,* 98 Cal. 259, [33 Pac. 56]; where, among other things, it was said: "To require the defendants in this case to pay any portion of their costs necessarily incidental to the trial of the issues on their part or any part of the costs of plaintiff would reduce the just compensation awarded by the jury by a sum equal to that paid for such costs." In that case the discussion arose on a cost-bill in an eminent domain case which included the usual and ordinary costs at the trial—such as witness's fees, mileage,

clerk's fees, and the like, but did not include attorneys' fees. The question here was not presented nor is the decision authority for holding that in such cases any costs are allowable except as authorized by statute.

It may not be questioned that it is within the legislative power to require the condemning party to pay to the land-owner reasonable attorneys' fees as part of his costs, but the legislature has not done so in this state with the exception shortly to be noticed. It was said by the supreme court, in *Coburn* v. *Townsend,* 103 Cal. 233, 236, [37 Pac. 202, 203]: "We do not know of any law that allows counsel fees in a general judgment for a defendant in a proceeding for condemnation." We know of no decision in the appellate courts of this state since that case was decided which has changed or modified the rule.

We do not deem it necessary to comment upon the cases cited by appellant from other jurisdictions. It will be found, we think, in these cases that where attorneys' fees have been allowed as costs there was some provision of the statute authorizing it either expressly or impliedly. But if we are mistaken in this, we must still adhere to what seems to be the settled rule in this state. Of the hundreds of cases which have been reviewed by our appellate courts we have found none where attorneys' fees as costs or otherwise have ever been claimed or allowed.

2. Section 1255a of the Code of Civil Procedure, provides that, upon the abandonment, express or implied, of the suit, a judgment on motion of defendant may be entered "awarding the defendant his costs and disbursements which shall include all necessary expenses incurred in preparing for trial and reasonable attorney's fees" which "may be claimed in and by a cost-bill to be prepared, served and filed and taxed as in civil cases," provided that "said costs and disbursements shall not include expense incurred in preparing for trial when said action is dismissed forty days prior to the time set for the trial of said action." Appellant contends that this section "clearly recognizes that attorney's fees are an element of costs and disbursements," and that there is but one exception provided for—namely, "when there is a dismissal within forty days prior to the time set for the trial of the action." We cannot so construe the statute. There must

first be an abandonment of the action, express or implied, before attorneys' fees are allowable as costs on a dismissal of the action. The exception is that if the action is dismissed forty days prior to the time set for the trial of the action the expense incurred in preparing for trial shall not be included as costs and disbursements. This is the obvious meaning of the statute which was not enacted to supersede section 1255, but to meet certain abuses arising out of resort to the action without seriously intending to prosecute it to a conclusion. Section 1255a can be held to apply only to the cases or the situation of cases as therein indicated. *Expressio unius exclusio alterius* would seem to apply. Where the case is prosecuted to a final conclusion section 1255 confers upon the court the power in its discretion to allow costs: (*Lincoln Northern Ry. Co.* v. *Wiswell,* 8 Cal. App. 578, 581, [97 Pac. 536].) Where plaintiff abandons the action section 1255a introduces another rule and authorizes attorneys' fees to be taxed as part of defendant's costs.

The order is affirmed.

Hart, J., and Burnett, J., concurred.