**UNITED STATES v. 711.57 ACRES OF LAND IN EDEN TP., ALAMEDA COUNTY, CAL., et al.**

No. 22294–G.

District Court, N. D. California, S. D.

June 23, 1943.

M. Mitchell Bourquin, Sp. Asst. Atty. Gen., and Francis N. Foley, Sp. Atty., of San Francisco, Cal., for plaintiff.

Cornish & Cornish, of Berkeley, Cal., for defendants Mary L. Schneider and Elsbeth Schneider.

Tsar N. Calfee, of Richmond, Cal., for defendant N. P. Nielson.

Hackley & Hursh, of San Francisco, Cal., for defendants Frank A. and Alice R. Edwards, and Grover C. Keeter and Esther E. Keeter.

Pierre A. Fontaine, of Oakland, Cal., for defendant Belle Stanley.

John T. Wentz, of Oakland, Cal., for defendants Robert P. King and John F. Canine.

Hadsell, Sweet, Ingalls & Carroll, of San Francisco, Cal., for defendant Edna H. Stenzel.

Hilton J. Melby, of Oakland, Cal., for defendant H. W. Meek Estate, Inc.

GOODMAN, District Judge.

Plaintiff filed this action to condemn 711.-57 acres of land in Eden Township, County of Alameda, State of California, for use in connection with the Russell City Airfield, under the authority of 26 Stat. 316, as amended by 40 Stat. 241, and 40 Stat. 518, 50 U.S.C.A. § 171, and the Act of March 27, 1942, Public Law No. 507, 77th Congress, and the Act of Congress approved April 28, 1942, Public Law No. 528, 77th Congress, c. 247, 56 Stat. 226.

An order for immediate possession was entered pursuant to the Act of March 27, 1942, Public Law No. 507, 77th Congress, 50 U.S.C.A. Appendix, § 632.

Declaration of taking was thereafter filed and the sum estimated by the Secretary of War as just compensation was deposited in the Registry of the Court.

Eight of the defendants answered, each claiming ownership of a separate parcel of the acreage sought to be condemned and each alleging that their respective parcels had a larger value than that estimated by the Secretary of War. A jury trial having been waived, the issues, upon evidence taken and briefs filed, was submitted to the Court.

The parcels involved are agricultural and in some cases improved by buildings and other farm appurtenances. Witnesses as to values testified for each of the defendants, and, in opposition, O. C. Hiatt, an appraiser of the Federal Land Bank of Berkeley, testified for plaintiff. The values as claimed by each of the defendants substantially exceeded those fixed by Mr. Hiatt.

■ The issue that I am called upon to determine here is the "market value fairly determined as of the date of taking." United States v. Miller, 317 U.S. 369, 63 S. Ct. 276, 87 L.Ed. ——; Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236.

As frequently stated, market value is "what a willing buyer would pay in cash to a willing seller." United States v. Miller, supra [317 U.S. 369, 63 S.Ct. 280, 87 L.Ed. ——].

■ It is settled that "where actual sales cannot be used as a basis for ascertaining 'market value' * * * appraisals are made and the jury decides from the various appraisals and other evidence, what the 'market value' is." Washington Water Power Co. v. United States, 9 Cir., 135 F. 2d 541, 542, decided Apr. 30, 1943.

■ It is also settled that a witness may base his appraisal on the "highest and most profitable use for which the property is adaptable and needed or likely to be need-

ed in the reasonably near future." Olson v. United States, supra [292 U.S. 246, 54 S.Ct. 708, 78 L.Ed. 1236].

A comprehensive investigation of defendants' parcels was made by Mr. Hiatt, the plaintiff's appraiser. With the aid of assistants, Mr. Hiatt thoroughly surveyed each of the parcels and completely catalogued and examined all of the improvements on each parcel; in addition he investigated and checked all sales made in the immediate vicinity for several years prior to the taking and interviewed a number of persons of long experience and familiarity with the property and its uses. Both his investigation and appraisal appear to me to have been thoroughly and conscientiously conducted with a view to a just evaluation. His conclusions were wholly impersonal and not actuated by any adversary concept. On the other hand, the testimony of the defendants and their respective appraisal witnesses appear to me to be tinged with the over-enthusiasm of owners and to represent more the viewpoint of one who attaches value because of sentimentality and devotion to his or her own property.

■ The special adaptability to his own use, of land, with which an owner is reluctant to part, is not an element to be taken into account in reaching fair market value. United States v. Miller, supra.

■ In the case of one parcel, it appeared that the taking occurred several months after acquisition of the property by the owner and that the value fixed by the owner would result in gain to him. In condemnation proceedings that is not allowable. United States v. Miller, supra.

■ In the case of another owner, witnesses testified that the land was suitable for subdivision purposes and the owner claimed that to be the highest and most profitable use of the property. From the evidence, however, such use in the near future appears to me to be wholly uncertain and not reasonably probable. "Elements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable should be excluded from consideration." Olson v. United States, supra.

In another case, claim was made that the parcel had value for future industrial use, but the improbability thereof, on the basis of past history is very evident.

■ One other matter requires comment. In the cross-examination of defendants' appraisers, the assessed valuation of various parcels, for state and county tax purposes, was disclosed in the evidence. I have not taken such evidence into account but have excluded it from consideration in determining fair market value. Johnson & Wimsatt v. Reichelderfer, 60 App. D.C. 186, 50 F.2d 336; San Jose & A. Ry. v. Mayne, 83 Cal. 566, 23 P. 522.

Evidence of sales in the vicinity in recent times was meager, and, as said by the Supreme Court in United States v. Miller, supra, determination of value in such cases "involves, at best, a guess by informed persons."

■ Having conflicting testimony before me as to value by so-called "informed persons", it is not my function to "guess" as to value, nor to endeavor to strike a balance between the opposing valuations. The judicial process should not so functionate.

The testimony on behalf of plaintiff as to value has the greater probative weight.

■ In the case of all of the parcels, except the claim for so-called severance damage asserted by the defendant H. W. Meek Estate, Inc., which requires special consideration, I have accepted the testimony of O. C. Hiatt, plaintiff's appraiser, as to valuations. Therefore the fair market value of each of the parcels in question is determined as follows and judgment will go accordingly:

| Parcel Number (Plaintiff's Exhibit #1.) | Defendant | Amount. |
|---|---|---|
| #10 | Mary L. Schneider and Elsbeth Schneider | $ 3,600.00 |
| #28 | N. P. Nielson | 6,600.00 |
| #6 | Frank A. and Alice R. Edwards; and Grover C. Keeter and Esther E. Keeter | 7,000.00 |
| #29 | Belle Stanley | 8,500.00 |
| #12 | Robert P. King | 5,300.00 |
| #27 | John F. Canine | 8,300.00 |
| #30 | Edna H. Stenzel | 24,000.00 |
| #9 | H. W. Meek Estate, Inc. | 5,000.00 |

Severance Damage of Defendant H. W. Meek Estate, Inc.

■ Parcel #9, consisting of 20.2 acres, belonging to defendant H. W. Meek Estate,

Inc., and taken by plaintiff, was part of a whole tract of 163 acres. By the taking, access to the remaining 142.8 acres, via Hayward Avenue (also known as A. Street), a public highway, was cut off. Defendant claims damage by reason thereof. Such damage is sometimes spoken of as severance damage but is thus referred to by the Supreme Court in United States v. Miller, supra: "If only a portion of a single tract is taken the owner's compensation for that taking includes any element of value arising out of the relation of the part taken to the entire tract. Such damage is often, though somewhat loosely, spoken of as severance damage." United States v. Miller, supra, 317 U.S. at page 376, 63 S. Ct. at page 281, 87 L.Ed. —.

"When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account." Bauman v. Ross, 167 U.S. 548, at page 574, 17 S.Ct. 966, at page 977, 42 L.Ed. 270.

 Such incidental damage is a part of the whole damage suffered by the owner upon the taking. The burden of proving the damage suffered is upon the owner defendant; consequently it has the burden of proving the incidental or so-called severance damage. The cutting-off of access via Hayward Avenue was admitted. It appeared in evidence however that there was access to the severed portion of the defendant's property over a so-called roadway connecting with County Road #310 or "Bockman Road" at a point at about the intersection of the northwestern and northeastern lines of defendant's property. Defendant presented evidence to the effect that the title to this connecting strip was in one William E. Meek, deceased, whose estate was probated in 1923 without any disposition of said strip of land having been made in said proceeding. (Defendant Meek Estate Exhibit 3.)

Hiatt, for plaintiff, testified that the cost of acquiring title to the strip and surfacing and maintaining the road thereon was approximately $3,000, and plaintiff contends that said sum is the so-called severance damage. On behalf of the defendant, the witness R. Kittrelle testified that the severed portion of the tract suffered a value depreciation of $18,000 by virtue of the complete cutting off of access by road, but that if there were a proper entrance by well constructed road so connecting with "Bockman Road" the so-called severance damage would be $8,000.

The duty is upon the defendant, upon the record here, to prove, not only the loss of access by virtue of the cutting-off of Hayward Avenue, but also that there is no other adequate means of access.

I am not satisfied that the evidence fully discloses the full cost of access via the "Bockman Road." In this respect the testimony of Mr. Hiatt is conjectural. Upon the whole record, I believe that the sum of $8,000 will fairly compensate the defendant for depreciation in value of the severed tract and reasonable cost of providing adequate access at some point via Bockman Road. Accordingly, I fix the total damage arising out of the relation of the property taken to the entire tract of defendant at the sum of $8,000.

Judgment accordingly.