26035. BOWERS v. FULTON COUNTY.

ARGUED JANUARY 13, 1971—DECIDED JULY 9, 1971—
REHEARING DENIED JULY 30, 1971.

*Houston White, Sr.*, for appellant.

*Paul H. Anderson, Robert G. Young, George H. Gillon*, for appellee.

*James F. Cox, Peek, Whaley & Haldi, Glenville Haldi, Anthony A. Alaimo, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, E. J. Summerour, G. Dean Booth, Warren O. Wheeler*, amici curiae.

ALMAND, Chief Justice. 1. We granted certiorari in this case to review the ruling of the Court of Appeals (*Bowers v. Fulton County*, 122 Ga. App. 45 (176 SE2d 219)), which Bowers assigned as error, and that was that attorneys fees and expenses of litigation are not embraced within just compensation for land taken by eminent domain, there being no statutory provision for the payment of attorneys fees and expenses of litigation in condemnation cases.

The Court of Appeals correctly decided this issue and in affirming the judgment we add some additional authorities to its opinion.

Expenses of litigation are not generally allowed as a part of the damages. *Code* § 20-1404. Attorney fees are recoverable only where authorized by some statutory provision or by contract. *Bankers Fidelity Life Ins. Co. v. Oliver*, 106 Ga. App. 305 (126 SE2d 887). The provision of our Constitution (Art. I, Sec. III, Par. I; *Code Ann.* § 2-301) is for the payment of "just compensation" before private property can be taken or damaged. No provision is made in the Constitution or by statute that authorizes the award of attorney fees and expenses of litigation as a part of just compensation, but the award is determined by the value of the property taken or damaged. Before this provision as to "damages" becomes applicable, the owner's property must be taken or physically damaged for a public use. *Austin v. Augusta Terminal R. Co.*, 108 Ga. 671 (3) (34 SE 852, 47 LRA 755); *State Hwy. Dept. v. McClain*, 216 Ga. 1 (1) (114 SE2d 125).

The right to recover attorney fees from the opposite party to the condemnation litigation did not exist at common law. The general rule is that attorney fees are not included in the term "costs" or "expenses" in the absence of some statutory provision, rule of court, or by contract of the parties. 20 AmJur2d 58, Costs, § 72. In an annotation to the case of Tomten v. Thomas, 125 Mont. 159 (232 P2d 723, 26 ALR2d 1285), entitled "Eminent Domain—attorneys fees" it is stated: "With few exceptions, the courts in the cases in which the question has arisen have construed condemnation statutes which provided for payment of 'costs,' 'expenses,' 'just compensation,' and the like, without making any express stipulation as regards attorneys' fees, as not intending to provide for the payment of such fees, these not being part of the costs, expenses or just compensation." 26 ALR2d 1295, 1296. In support of this statement are cases cited from the courts of final resort of the United States, and the states of California, Iowa, Colorado, Massachusetts, Missouri, Montana, New Jersey, New York, Oregon, Pennsylvania and Wisconsin.

The State of Wisconsin has a constitutional provision as to the payment of "just compensation" similar to the Georgia Constitution. In North America Realty Co. v. City of Milwaukee, 189 Wis. 585 (208 NW 489) it was held that such provision did not authorize attorney fees to the landowner in a condemnation proceeding. It was there said: "The argument runs that, since expenses have to be incurred in condemnation proceedings, such expenses must be recovered in addition to the award in order that 'just compensation' for the land may be had. Practically, that is true. But it is equally true in nearly every other lawsuit. The prevailing party does not recoup his total expenses. He can tax only statutory costs; and they usually fall short of the actual costs of the litigant. In contemplation of law, however, statutory costs are full compensation, and when those are taxed in favor of the prevailing party he is presumed to be made whole." See also City of Muskegon v. Slater, 379 Mich. 466 (152 NW2d 652).

The provision in the California Constitution as to eminent domain proceedings is the same as in our Constitution. In Pacific Gas & Electric Co. v. Chubb, 24 Cal. App. 265 (141 P 36) the court said: "Obviously the jury could not take into account attor-

ney's fees as an element of property value or of damage to property not taken, and it has been so held. Mitchell v. Hawley, 79 Cal. 301, 21 Pac. 833; San Jose R. Co. v. Mayne, 83 Cal. 566, 23 Pac. 522; Coburn v. Townsend, 103 Cal. 233, 37 Pac. 202. If the measure of compensation is to be the actual value of the land at the date the summons issues or at the date of the trial, and if this compensation is to be ascertained by a jury or a court sitting as a jury, and if the jury or court cannot take into account attorney's fees as an element of damage, it would seem to follow that the 'just compensation' contemplated by the Constitution is the value of the land taken, and the damage to land not taken and nothing more. 'Just compensation consists in making the owner good by an equivalent in money for the loss he actually sustains in the value of his property by being deprived of a portion of it.' Lafflin v. Chicago, etc., Co. (C.C.) 33 Fed. 415; Lewis, Em. Dom. (2d Ed.) § 462. The adjective 'just' only emphasizes what would be true if omitted; namely, that the compensation should be equivalent of the property, and this compensation is 'for the property, and not to the owner.' Monongahela Navigation Co. v. United States, 148 U. S. 312, 13 Sup. Ct. 622, 37 L. Ed. 463."

"It has been held that the acquisition of property by eminent domain does not involve a taking of the legal services which are needed in order to establish the claim for compensation, unless provision is made therefor by statute a claimant is not entitled to reimbursement either for loss of time consumed in prosecuting his claim or for counsel fees, nor may he recover witness fees." 3 Nichols on Eminent Domain 195, § 8.64.

In construing the words "just compensation" as used in the Fifth Amendment of the Federal Constitution, Mr. Justice Brewer in Monongahela Navigation Co. v. United States, 148 U. S. 312, 325 (13 SC 622, 37 LE 463) said: "The language used in the Fifth Amendment in respect to this matter is happily chosen. The entire amendment is a series of negations, denials of right or power in the government, the last, the one in point here, being, 'Nor shall private property be taken for public use without just compensation.' The noun 'compensation,' standing by itself, carries the idea of an equivalent. Thus we speak of damages by way of compensation, or compensatory damages, as distinguished from punitive or

exemplary damages, the former being the equivalent for the injury done, and the latter imposed by way of punishment. So that if the adjective 'just' had been omitted, and the provision was simply that property should not be taken without compensation, the natural import of the language would be that the compensation should be the equivalent of the property. And this is made emphatic by the adjective 'just.' There can, in view of the combination of those two words, be no doubt that the compensation must be a full and perfect equivalent for the property taken. And this just compensation, it will be noticed, is for the property, and not to the owner."

We agree with the Court of Appeals that the ruling of this court when the case was first before us (221 Ga. 731, 738 (146 SE2d 884)) to wit: "The constitutional provision is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings," has no application here, in that "expenses" there involved, were not "expenses of litigation and attorneys fees."

2. We have carefully reviewed the other assignments of error and do not find that any one of the rulings complained of demands or requires a reversal of the judgment of the Court of Appeals.

*Judgment affirmed. Mobley, P. J., and Grice, J., and Judge T. O. Marshall, Jr., concur. Undercofler and Hawes, JJ., and Judge A. R. Kenyon, dissent. Nichols and Felton, JJ., disqualified.*

HAWES, Justice, dissenting. In my opinion, the majority of the court, in rendering this decision, has overlooked the principle that "Protection to person and property is the paramount duty of government, and shall be impartial and complete" (Const., Art. I, Sec. I, Par. II; *Code Ann.* § 2-102), and has this day unnecessarily gone out of its way to perpetuate an injustice against condemnees, a result unwarranted by any Georgia case previously decided. The majority opinion recognizes, at least tacitly by its failure to cite any, that no previously decided Georgia case expressly holds that attorney's fees and fees paid to expert witnesses are not a part of just and adequate compensation.

When this case was first before this court, Justice Quillian,

speaking for the court in a decision concurred in by four of the other Justices, held that, "Art. I, Sec, III, Par. I of the Constitution (*Code Ann.* § 2-301) is susceptible to no construction except the condemnee is entitled to be compensated for *all* damage done to his property and *expenses* caused by the condemnation proceedings. Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building." .(Emphasis supplied.) *Bowers v. Fulton County*, 221 Ga. 731 (2) (146 SE2d 884, 20 ALR3d 1066). Specifically involved in that case was the question of whether expenses incurred by the condemnee incidental to the removal of his business to a different location which removal was occasioned by the condemnation proceeding was a proper element of damages under the just and adequate compensation provision of the Constitution. The trial court had denied recovery of those elements of damage, and construing the constitutional provision, this court made the ruling above quoted and reversed the case. When the case was again appealed by the condemnee in this court raising for the first time the question as to the right of the condemnee to recover attorney's fees and fees paid to expert witnesses as an element of just and adequate compensation, this court transferred the case to the Court of Appeals. *Bowers v. Fulton County*, 225 Ga 745 (171 SE2d 308). It is impossible to logically justify that action except by concluding that on the first appearance of the case before this court the decision then rendered had decided this question and that it merely remained for the Court of Appeals to apply that decision to the issues made on this appeal. Indeed, this was the very basis expressed in the majority opinion for the transfer. But, Justice Undercofler and Judge Marshall dissented, expressing the view that something more than mere application was involved and that the question raised called for further construction of the constitutional provision. If the view of the majority of the Justices reached when this case came to this court for the second time was correct, it can only be sustained, in my opinion, on the theory that the first decision in this case, when applied to these issues, demanded the conclusion that the questions presented should be answered in the affirmative. Nothing in the opinion rendered in the first *Bowers* case can in any wise be construed as denying the

right of a condemnee to recover attorney's fees and expert witness fees, since the entire opinion with respect to the condemnee's rights is expansive of those rights and not restrictive of them. I, therefore, think that in rendering the decision transferring this case to the Court of Appeals, this court established as the law of the case that attorney's fees and expert witness fees *are* proper elements of just and adequate compensation. If this is not so, then the transfer was itself wrong, for nothing else had intervened between the first *Bowers* decision and the second appeal to require or authorize the conclusion reached by the majority in transferring the case. Viewing the history of this case and the effect of the previous rulings of this court herein as I do, I also think that the Court of Appeals in deciding this case as it did utterly disregarded the previous ruling of this court in this case and effectively struck therefrom and rendered meaningless the holding therein that, "The condemnee is entitled to be compensated for *all* damage to his property and *expenses* caused by the condemnation proceeding." (Emphasis supplied.)

Notwithstanding this view, I think that reason and logic and simple justice demand the conclusion that attorney's fees and expert witness fees are a part of just and adequate compensation. We have already decided in the first *Bowers* case (221 Ga. 731, supra) that, "Just and adequate compensation" means something more than mere compensation for the market value of the property taken plus compensation for the diminution in value of, or consequential damages to, the remaining property of the condemnee. A condemnation proceeding is not an ordinary law suit. Obviously, the proceeding is civil in nature and not criminal. Every other justiciable controversy of a civil nature arising in the courts stems from some prior relationship between the parties thereto. If the action be ex delicto, it is based on some wrongful or allegedly wrongful conduct on the part of the defendant which has injured the plaintiff and gives to the plaintiff a right of action thereon. If it be an ex contractu action, it is based on the failure of one of the parties having a contractual relation with the other to perform his duties under the contract. In either case, the parties to the controversy knowingly and deliberately permit the controversy to reach the litigation stage in full awareness that win, lose or

draw, they each must bear the expenses of attorney's fees and witness fees out of their own pockets either in addition to the recovery had against them or out of any recovery which they may make against the opposite party. But, in a condemnation proceeding the condemnee (who is the real defendant in the proceeding, though we recognize that such proceeding is in fact in rem and thus against the property) has done no wrong, and I venture to say that in the great majority of cases, if not in all of them, he is being forced to give up his property against his will. In such a situation, the agents for the condemning authority approach the condemnee with an almost overwhelming advantage on their side. They know and the condemnee knows that, under the law as contended for by the majority in this case, if the condemnee refuses to accept their offer of compensation for his property and permits the matter to go into court, he will likely receive far less than the fair market value for his property in net recovery after he has paid the expenses of litigation, including witness fees and attorney's fees. Under such circumstances the temptation of an overzealous land agent to offer to the owner substantially less than the real value of the property is a dominating factor in prelitigation negotiation. Thus, the argument of some of the majority of this court that to decide the issue in this case in favor of the petitioner in certiorari would foster litigation does not in my opinion logically follow. I think that a holding that attorney's fees and witness fees are recoverable will tend to reduce the likelihood that the efforts of public authorities to acquire land needed for public improvements will result in litigation since agents engaged in acquiring land for highway and other public purposes, if they know that failure to arrive at a just settlement on a negotiated basis will result in the public authority having to bear the expenses of litigation, will be more likely to offer reasonable settlement to landowners in the first instance.

The majority opinion does not, and cannot, cite any Georgia case holding that attorney's fees and witness fees are not a part of just and adequate compensation. The only authorities cited in support of the results reached are cases from other jurisdictions. Those cases are, at most, merely regarded by our courts as persuasive authority. *Hooper v. Almand,* 196 Ga. 52, 67 (25 SE2d 778);

*Etowah Heading Co. v. Anderson,* 73 Ga. App. 814 (38 SE2d 71). I am not persuaded by them. Regardless of what has been held in other jurisdictions of this country, I think that reason and logic require the conclusion that compensation to a landowner for the taking of his property can never be "just and adequate" unless he receives that sum which leaves him whole and undiminished after the completion of the process of taking. But, an owner of property that has been condemned and who has had to go into court in order to secure "just and adequate compensation" cannot in any sense of the word be said to have been left whole and undiminished by the process, if he has had to pay out of his own funds or from those received as "just and adequate compensation" his attorney's fees and expenses of litigation. As was said by the Supreme Court of Florida in Dade County v. Brigham, (Fla.) 47 S. 2d 602, 604 (18 ALR2d 1221), "the courts should not be blind to the realities of the condemnation process." We know that the condemning authority in approaching the condemnation process is armed with virtually the full financial resources of the city, county, state, or public agency, as the case may be. It is able to employ the best of legal talent, to produce "appraisers, expert witnesses relating to value, usually more than one in number, whose elaborate statement of their qualifications, training, experience and clientele indicate a painstaking and elaborate appraisal by them calling for an expenditure by the" condemning authority of substantial sums as fees to secure their services (Dade County v. Brigham, supra). It is unfair and unreasonable to expect that a condemnee should be called upon to defend against such an array of legal expertise and expert testimony by resort to his own funds alone. No amount of argument, whether backed by "respectable authority" or not, is sufficient to convince me that a condemnee so put upon, in order to secure the fair market value for the property taken from him and consequential damages to his remaining property, if any, has been justly and adequately compensated.

Regardless of the "current of authority" to the contrary this court should not be a party to extending a rule which is so obviously unjust and indefensible as a matter of reason and logic. I am not unmindful of the public interest; that the expense of obtaining rights of way for highways and streets and land for other

public improvements is great, and that the taxpayers should not be unduly burdened with additional costs for this purpose. However, it is no answer to the denial of a constitutional guarantee that to enforce it would be too burdensome or too costly.

Finally, it is argued that this is a matter which addresses itself to the legislature and that this court, in the absence of legislation, has no authority to promulgate a rule allowing witness fees and attorney's fees in such cases. However, in *Calhoun v. State Hwy. Dept.*, 223 Ga. 65, 67 (153 SE2d 418), this court held: "What is just and adequate [compensation] is a justiciable question, and under the constitutional clause (*Code Ann.* § 2-123; Const. of 1945) requiring separation of powers, only the judiciary can lawfully determine that question . . . None of the three separate departments of State—legislative, executive or judicial, has the power to reduce or abolish the constitutional right of the owner to receive just and adequate compensation for his private property taken for a public use. Only the judiciary can adjudicate the amount of such compensation and what evidence is relevant and admissible for that purpose." The ruling in that case is fully determinative against that contention. The legislature can no more declare what *is* a part of just and adequate compensation that it can declare what *is not* a part of just and adequate compensation. The right to receive just and adequate compensation is conferred by the Constitution, and, under that ruling, it is for the courts to determine, by construction of the Constitution, what elements of damages are properly includable therein. Only the courts are empowered by the Constitution to construe the Constitution.

Questions as to the amount, and when, and under what circumstances, attorney's fees and witness fees should be allowed in condemnation proceedings clearly address themselves to decision by a jury under proper instructions from the trial judge. Obviously, should the jury determine that the condemning authority, in the first instance, offered to the landowner just and adequate compensation for his property, and that, notwithstanding that offer, the landowner refused to accept it and forced the condemning authority to take him into court in order to secure possession of the property sought to be condemned, then the jury would not be authorized to award to the landowner any of the expenses of litiga-

824

tion because such expenses would not have been occasioned by the condemnation proceeding but by the mistake of the landowner in refusing to accept just and adequate compensation tendered in the first instance. I see no difficulty in the court's formulating such concepts, nor do I think that the formulation of such concepts by the court is in any sense judicial legislation. However, where the condemning authority fails to offer to the landowner for his land just and adequate compensation and the landowner is forced to go into court in order to secure just and adequate compensation, then it would be a simple matter for a jury, under proper instructions by the court, to determine that the expenses of litigation including attorney's fees and witness fees were "expenses caused by the condemnation proceedings" and under proper evidence assess the damages occasioned to the condemnee thereby.

For all of the foregoing reasons I dissent from the ruling of the majority.

I am authorized to state that Justice Undercofler and Judge Kenyon concur in this dissent.