## AARONSON et al. v. UNITED STATES.
### No. 6350.

United States Court of Appeals for the District of Columbia.

Argued May 15, 1935.

Decided June 24, 1935.

Morris Simon, Lawrence Koenigsberger, Eugene Young, and William H. Collins, all of Washington, D. C., for appellants.

Henry H. Glassie, Sp. Asst. to Atty. Gen., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from a judgment affirming the award of a jury in respect to certain real estate condemned by the United States pursuant to an Act of Congress approved March 4, 1929 (45 Stat. 1694); as amended, Act of June 23, 1930 (46 Stat. 800); as further amended, Act of March 4, 1931 (46 Stat. 1522).

The act confers jurisdiction upon the Supreme Court of the District of Columbia holding a special term as a District Court of the United States.

Proceedings were begun July 13, 1931, to have the court ascertain and determine the compensation or damages to be awarded and paid for the taking of the land condemned for the use of the United States. A jury was selected, testimony was taken, and a verdict returned. Appellants, who were owners of one of the parcels of land condemned in part, objected to confirmation of the verdict, excepted to entry of the decree, and in due time this appeal was taken.

The portion of the lot taken is in the form of a right angle triangle, and was necessary in establishing and laying out a new street 160 feet in width, running from Union Station Plaza through the Capitol grounds to Pennsylvania avenue. Errors are assigned in two respects:

First, that the court erred in admitting testimony and instructing the jury to take into consideration in assessing compensation any special benefits and advantages to the remaining part of the land not taken. Second, that the court erred in admitting the testimony of a witness on cross-examination as to the fair market value of the condemned parcel distinct from the remainder of the tract.

The ground of the first assignment is that because the statute under which the proceedings were had does not in terms provide that the award of compensation shall be reduced by benefits, such benefits may not be deducted. Counsel rely upon District of Columbia v. Prospect Hill Cemetery, 5 App. D. C. 497, and Maryland & W. Railway Company v. Hiller, 8 App. D. C. 289. In those cases it was stated that benefits to the portion of the property not taken, resulting from the improvement, could not be set off against the value of the land actually taken. In the first of these cases, the statute providing for condemna-

tion made no provision for assessment of benefits, and this was pointed out as an additional reason why such assessment was not permissible; but ever since the decision in Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270, in which our decision, based on the Prospect Hill Cemetery and Hiller Cases, supra, was reversed, the rule applied in those cases was abandoned, and the doctrine of Chesapeake & O. Canal Co. v. Key, 3 Cranch, C. C. 599, Fed. Cas. No. 2,649, which had theretofore always been the law in the District of Columbia, was re-established. In the Canal Case it is stated that it is of no consequence whether the Legislature, in authorizing the exercise of eminent domain, made mention of benefits specifically, or altogether omitted to, for in either case the principles of law underlying a condemnation proceeding require their consideration in determining the amount of compensation the owner is entitled to receive, and equally the amount the government is required to pay. "To award him less would be unjust to him; to award him more would be unjust to the public." Consequently, as the Supreme Court said in Bauman v. Ross, when part of a parcel of land is taken for a highway, the value of the part taken is not the sole measure of the compensation or damages to be paid to the owner, but the incidental injury or benefit to the part not taken is also to be considered.

All of this grows out of the command of the Constitution (Amendment 5) that just compensation shall be given, and this is a duty which, in a condemnation proceeding, devolves upon a court. The Legislature must determine the need for the taking, but the ascertaining of what is just compensation is a judicial function. It is, therefore, of no consequence whether a provision be inserted in the condemnation act requiring the jury to take into consideration either damages on the one hand, or benefits on the other, for in either case they will be competent to do this without such a provision, since both are elements inherent in the determination of an award which is the equivalent of just compensation. In this view, while it was entirely permissible for Congress in the act to expressly provide that the jury might take into consideration benefits to the remainder of a parcel from which a part is taken, the omission—without express words showing an intent to prescribe a rule of compensation more favorable to the owner than the Constitution requires—no more affects the principle on which the proceeding is based than would a like failure in the act to provide for damages. And this, upon the sound principle that the exercise of eminent domain rests upon the payment of just compensation, and just compensation, in the taking of property for public improvements, must be just to the public as well as to the owner. The owner is entitled to receive, not the exact value of the part taken, but rather to receive the difference between the value of the whole unaffected by the improvement and the value of the remainder in the light of the improvement—"the loss caused to him by the appropriation"—and this involves consideration of damages on the one hand and of benefits on the other. Chesapeake & O. Canal Co. v. Key, 3 Cranch, C. C. 599, Fed. Cas. No. 2,649; Chesapeake & O. Canal Co. v. Union Bank, 4 Cranch, C. C. 75, Fed. Cas. No. 2,653; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270; Commonwealth v. Coombs, 2 Mass. 489; Butchers' Association v. Commonwealth, 169 Mass. 103, 118, 47 N. E. 599; Nicholson v. New York, etc., R. Co., 22 Conn. 74, 56 Am. Dec. 390; Bangor & P. R. Co. v. McComb, 60 Me. 290; Southern Bridge Co. v. Stone, 194 Mo. 175, 92 S. W. 475; Randolph v. Freeholders, 63 N. J. Law, 155, 41 A. 960; Whitely v. Mississippi Company, 38 Minn. .523, 38 N. W. 753; Schuylkill Nav. Co. v. Thoburn, 7 Serg. & R. (Pa.) 411; Setzler v. Pennsylvania S. V. R. Co., 112 Pa. 56, 4 A. 370.

■ Nor is there any basis for the point that the application of this rule is unconstitutional because other owners, whose property is not taken, are benefited. The court below rightly told the jury that only special benefits should be considered, and defined such benefits as those directly conferred upon the remaining part of the land as the result of the public improvement— "If the public improvement has a direct effect upon the physical character or situation of the remaining portion of the land as by giving it street frontage which it did not have before or by causing it to front on a wider and more desirable street with a new and different outlook superior to that formerly possessed and thereby enlarges or increases the usefulness of such remaining portion and enhances its market value, the advantages thus conferred by the

improvement are special benefits within the meaning of these instructions and should be taken into account in determining the just compensation payable for the property taken. Such benefits are none the less special because they are enjoyed by other lands having the same or a similar relation to the improvement."

This is a correct statement of the law in the District of Columbia. Special benefits do not become general benefits because they are common to other property in the vicinity. The fact that the value of other property is increased by the improvement is no reason, under the Fifth Amendment, for excluding the consideration of special benefits to the particular property in determining whether it has been damaged. McCoy v. Union Elevated R. Co., 247 U. S. 354, 366, 38 S. Ct. 504, 62 L. Ed. 1156. And this is true because to exclude benefits accruing to the owner of the land taken because common to other property in the vicinity, would destroy the balance and equality of the rule that the owner is entitled to receive the value of what he has lost—but no more.

■ The remaining assignment grows out of a question put on cross-examination to a witness introduced by the landowner. He was asked to estimate the value of the triangular piece of land taken; that is to say, to fix its value separate and apart from the remainder of the property. On principle, we think the question improper, since there can be no doubt that the owner was entitled to have compensation based on the value of the part taken considered in its relation to the whole property. But the witness in his examination in chief had given his opinion concerning the value of the entire property, and the question, doubtless, was aimed at testing the value of his opinion, by checking the various elements entering into the estimate. Regarded, therefore, as a question intended to test the knowledge and competency of the witness, as well as his methods of computation, the allowance of the question was perhaps not an abuse of discretion.

In any case, however, any influence it might otherwise have had was entirely destroyed by the careful and impartial charge of the court to the jury. In this they were specifically told that, in ascertaining compensation, they should fix the value of the part taken, considered in its relation to the whole property, and if the value of that which remained was diminished by the taking of a portion, the amount by which it was diminished should be assessed as a part of the compensation for the portion taken. In this aspect, we regard the error as harmless, and on the whole case we are of opinion that the jury were properly instructed and that no prejudicial error occurred to the damage of appellants, and therefore the judgment is affirmed.

Affirmed.