UNITED STATES ex rel. and for Use of
TENNESSEE VALLEY AUTHORITY
v. DAVIS et al. and six other cases.

Nos. 102, 80, 87, 2144, 94, 75, 76.

District Court, E. D. Tennessee, S. D.
July 26, 1941.

Rehearing Denied Oct. 23, 1941.

Wm. C. Fitts, Jr., Gen. Counsel, of Knoxville, Tenn., H. James Hitching, Asst. Gen. Counsel, and Alvin Ziegler, Atty., Tennessee Valley Authority, both of Chattanooga, Tenn., for plaintiff.

Thach & Thach, of Chattanooga, Tenn., for defendants Davis and others.

Thos. S. Myers, of Chattanooga, Tenn., for defendants Maddox and others.

Robert C. Hunt, of Chattanooga, Tenn., guardian ad litem.

Wilkerson & Wilkerson, of Chattanooga, Tenn., for defendants Ware and others.

Before TAYLOR, DARR, and BOYD, District Judges.

PER CURIAM.

In a consideration of the cases before this court on exceptions to the award of the commissioners, our work was somewhat more difficult because in the argument, as well as in the several records, we found opinion evidence as to values which in many instances was obviously the result of calculations based upon assumed facts as to productivity of the soil. In some instances witnesses professed to have actual knowledge of its productivity and no other, or but little other knowledge related to market values. Such evidence is practically valueless. In some of the cases that type of evidence appeared as the major portion of respondents' proof. The court not being permitted to consider it by Federal Rules was obliged to consider only such of respondents' evidence as appeared to come within the rule. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L. Ed. 1236; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; United States v. River Rouge Improvement Co., 269 U.S. 411, 46 S.Ct. 144, 70 L.Ed. 339; Louisville & N. Railroad v. Western Union Telegraph Co., 6 Cir., 249 F. 385; Karlson v. United States, 8 Cir., 82 F.2d 330; Central States Life Insurance Co. v. Koplar Co., 8 Cir., 85 F.2d 181; Brett v. United States, 9 Cir., 86 F.2d 305, 307.

What was said in the cases of Welch v. Tennessee Valley Authority (Lewis v. Tennessee Valley Authority), reported in 6 Cir., 108 F.2d 95, at page 102; is equally applicable to much of the evidence introduced at the hearings before the commissioners in these cases:

"Analysis of the testimony of these witnesses only proves the rule that the opinion of witnesses as to value of property taken in condemnation proceedings is a variable and uncertain class of testimony. Here a study of the different theories and processes submitted by the witnesses for ascertaining the value of the property leads to widely differing results and conflicting and wholly irreconcilable opinions."

We recognize, as did the court in the Welch and Lewis cases, supra, that production, rental income, location, and the like are in the minds of seller and buyer when they are trying to ascertain market value. But we also recognized that no intelligent buyer would part with the amount of cash required to buy farm land on a plan of so-called capitalization values, particularly if the supporting data was largely estimated. Such method of ascertaining cash market value, which is the recognized equivalent of just compensation, is uniformly rejected by the courts because speculative. It should not be heard or considered by the commissioners.

This same speculative principle was recognized and denounced in Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884, as there applied to timber lands. In that case the respondents' wit-

nesses fixed the value as great as one million four hundred thousand ($1,400,-000) dollars. The jury awarded four hundred eighty-three thousand five hundred ($483,500) dollars because much of respondents' evidence contained the improper speculative element which leads, not to fair market value, not to just compensation, but to an amount which all men of business know is far in excess of market value. The same objectionable speculative element appeared in the evidence in the Nichol case (No. 75), and moreover the basis of the accounting procedure was not, in our opinion, supported by a preponderance of the evidence.

We have endeavored to give due weight to the facts within the observation of the commissioners in the several cases but have been forced to differ from them as to some awards because not supported by a preponderance of admissible and persuasive evidence. We believe this memorandum will disclose the basis of our action in the several cases and it is our desire that it will aid other commissioners in the application of what we consider correct rules of evidence and principles for ascertaining as nearly as may be just compensation.

Our award of just compensation is as announced in the separate judgments this day lodged with the Clerk.

## On Petition for Rehearing.

PER CURIAM.

This is before this three judge court, created by Title 16 U.S.C.A. §. 831x, on a petition to rehear. Either through inadvertence or by design, petitioners have overlooked the fact that the authorities cited in the blanket memorandum opinion were intended to contain what we conceived to be a statement of the rules of evidence and principles generally applicable in condemnation cases under the statute, and not in every instance applicable to the facts or evidence in each of the several cases covered by the memorandum. The petitioners refer to certain cited cases, and point out their inapplicability, and in other instances select portions of cited cases and urge their favorable applicability, and insist that under these authorities the court erred in failing to at all consider evidence of earning power or productivity of lands involved. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270, was cited by us because

it contained a discussion of the whole subject by the Supreme Court of the United States, and because it contained the citation of many cases helpful to any lawyer or commissioner desiring to attain justice as between the landowner and the condemnor. It was not cited, as indicated by petitioners, because it construed the Act of March 2, 1893, 27 Stat. 532, as to contingent speculative benefits arising in a street improvement project in the District of Columbia.

The case of Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236, a more recent case, was cited for the same reason, and particularly because it clearly states that just compensation is market value and not a value resulting from any formula. The question as there decided is what would the property sell for on the market, not what should it sell for on the basis of rental, production or any other single element or combination of elements worked out by formula. Such considerations are elements entering into the market value, and are valuable and were considered by that court and this as they tended to affect market value. In this case it was said at page 255 of 292 U. S., at page 708 of 54 S.Ct.: "Just compensation includes all elements of value that inhere in the property, but it does not exceed market value fairly determined. The sum required to be paid the owner does not depend upon the uses to which he has devoted his land but is to be arrived at upon just consideration of all the uses for which it is suitable. The highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered, not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affects the market value while the property is privately held". The case was not cited because it contained the portions quoted in the petition exclusively, and particularly was not cited because it contained provisions inapplicable to the land involved in the case now before the court.

The memorandum opinion expressly, as well as by clear implication, was intended to serve as a guide to commissioners and attorneys seeking a fair application of rules and principles controlling the cases before the court and future cases to be heard by commissioners. The petition to rehear misconceives that the court held that it could not consider evidence as to productivity of the land involved and in-

aptly cited as authority for that proposition the case of Bauman v. Ross, supra.

We said in the memorandum: "* * * we found opinion evidence as to values which in many instances was obviously the result of calculations based upon assumed facts as to productivity of the soil. In some instances witnesses professed to have actual knowledge of its productivity and no other, or but little other knowledge related to market values. Such evidence is practically valueless. In some of the cases that type of evidence appeared as the major portion of respondents' proof. The court not being permitted to consider it by Federal Rules was obliged to consider only such of respondents' evidence as appeared to come within the rule". As authority for this proposition the court cited seven cases, among them Bauman v. Ross, supra. In the light of the citations following this statement, we think it is clear that its meaning is that evidence obviously based upon speculative or assumed facts, and evidence relating exclusively to productivity, and bearing slight relation to market value, is of little value, and that evidence of value resulting from calculations upon assumed facts could not be considered, particularly if other more persuasive evidence was available in the record. This position is well supported by the cases cited.

■■■ The court did not exclude or fail to give due consideration to evidence of facts having a tendency to influence the willing seller and buyer in their effort to arrive at the fair cash market value. . The court, however, also understood that just compensation should be the sum of money which would be agreed upon in an intelligent bargaining procedure, and not the value arrived at upon a so-called capitalization method. As said in the Welch and Lewis cases (6 Cir., 108 F.2d 95, 101) triers of fact, in considering the testimony of witnesses possessing some peculiar means of forming an intelligent judgment as to the value "may take counsel of their own experience and knowledge of like subjects". In short just compensation is fair cash market value, and evidence of facts not sharply focused on that value give little aid to the triers of that issue of fact. The market value of farm land is made largely by those who farm. Those who farm take a broader and more rational view of market value than to multiply acres by bushels, and bushels by price, and then deduct interest and other production costs, and pay out purchase money equivalent to that result.

That is not market value. Where the witnesses estimated or fixed values in which this formula played a too important role, the members of this court properly, and we think necessarily, took counsel of their own experience and knowledge of the subject, and especially their knowledge of the elements which bear heavily upon market value. By so doing we believe we were able to gather from the whole of the evidence a fair basis for adjudging just compensation in the instant case as well as the others then before the court. We entertain no doubt that the condemnor could have acquired the property here involved at a price no greater than that adjudged, had the respondents desired to sell it.

We think it fairly to be assumed that since the court cited Karlson v. United States, 8 Cir., 82 F.2d 330, it attempted to follow the principles announced therein. The case of Central States Life Insurance Co. v. Koplar, 8 Cir., 85 F.2d 181, 184, from which the petitioners quoted "earnings during lean years cannot be considered alone in fixing value of bonds" was not cited because of its particular applicability to the case here before us on petition to rehear, and certainly not because it contained the quotation included in the petition, but because it contained the general statement of the principle we think dominates a fair adjudication of just compensation. It was there said: "In respect of each item of property that value may be deemed to be the sum which, considering all the circumstances, could have been obtained for it; that is, the amount that in all probability would have been arrived at by fair negotiations between an owner willing to sell and a purchaser desiring to buy. In making that estimate there should be taken into account all considerations that fairly might be brought forward and reasonably be given substantial weight in such bargaining". In that case, though a bankruptcy reorganization proceeding, the court applied the same principles applied in Olson v. United States, supra, and cited Karlson v. United States, supra.

The petitioners point out the case of Brett v. United States, 9 Cir., 86 F.2d 305, and give emphasis to one question before the court, as though the only one was that the just compensation should represent the value at the time of the taking. This case was cited because of its re-announcement of the principle that it is market value and not value arrived at by formula which represents just compensation, and not because

of its approval of the rejection of evidence of a value as of a time other than when the property was taken, which question was not before us at all.

As said in the case of Karlson v. United States, 8 Cir., 82 F.2d 330, at 337: "'Fair market value' is the amount that would, in all probability, have been arrived at between an owner willing to sell and a purchaser desiring to buy, and, in ascertaining that figure, 'there should be taken into account all considerations that fairly might be brought forward and reasonably be given substantial weight in such bargaining.'"

Having cited this case along with six others, following our statement as to the evidence considered by us, we feel it is reasonable to assume that we undertook to follow the principle; that we considered all evidence which we believed would be given substantial weight by the willing seller and the willing buyer.

Having carefully considered the petition to rehear, and being of opinion that the award represents just compensation, the petition is denied.