UNITED STATES v. CERTAIN LANDS IN JACKSON COUNTY, MO., et al.

No. 763.

District Court, W. D. Missouri, W. D.

Dec. 4, 1942.

Maurice M. Milligan, U. S. Atty., and Charles J. Winger, Asst. U. S. Atty., both of Kansas City, Mo., for plaintiff.

Henry·L. Jost, of Kansas City, Mo., for defendant Kyle.

Sam Sebree and Sebree, Shook & Gisler, all of Kansas City, Mo., for defendant O'Rear.

James Burke and Madden, Freeman & Madden, all of Kansas City, Mo., for defendant Dr. Jason Dixon.

James E. Campbell, of Kansas City, Mo., for intervenor.

Memorandum Opinion.

COLLET, District Judge.

This cause is here on re-assignment. The law of the case on many of the issues has heretofore been determined by Judge Reeves in a memorandum opinion filed herein, 48 F.Supp. 588. Explanatory of the present status of the cause it may be observed that the Government took possession of the property involved on December 23, 1940, for the purpose of constructing thereon an ordnance plant. Commissioners were appointed and reported their conclusions concerning the value of the property on September 18, 1941. The three tracts now involved, were valued by those commissioners as follows: The Kyle tract, $20,300; the Dixon tract, $4,100, and the Orear tract, $4,500. Exceptions were duly filed to that report. Those exceptions were presented to Judge Reeves. After full consideration Judge Reeves ordered another appraisal for the reasons noted in his opinion. It was further held that the parties were not entitled to a trial de novo by a jury on exceptions in this cause. The opinion states: "2. It would follow from the foregoing that, upon the evidence in the case and upon the report of the commissioners, the court either should approve the report of the commissioners or 'upon good cause shown' order a new appraisement."

When the second commission reported, the values found were: For the Kyle tract $20,700; for the Dixon tract, $4,900 and for the Orear tract $4,300. Exceptions were duly filed to those awards. The cause is here for consideration of those exceptions. The question, as stated by Judge Reeves, is whether the report shall be approved or another appraisement ordered.

■ In determining that question the Court must treat the commissioner's report as the verdict of a common-law jury. It must be approved unless erroneous legal principles effected it, there was no proper evidence upon which it could have been based, or unless it was the result of prejudice, fraud or so patently inequitable as to shock the conscience. United States v. Certain Land Situate in Wayne County, etc., D.C., 40 F.Supp. 792.

■ The testimony taken by the second commission was preserved and submitted by the parties in support of their exceptions. A detailed review of that testimony will serve no good purpose. The

values placed upon the properties varied greatly but the evidence as a whole furnished ample basis for the conclusion reached by the commissioners. There is nothing in the record to indicate prejudice or fraud and the result is not so patently unjust or unreasonable as to warrant rejection. The Court must not substitute its judgment for the judgment of the commissioners and set their award aside if it merely differs in amount from that which the Court as a juror or commissioner might have fixed.

There remains the question as to whether erroneous legal principles were followed by the Commission.

It was earnestly contended that the Government should have presented the appraisals made by a Government agent of other lands in the same community in connection with the acquisition of those properties for this same project. The Government declined to produce the appraisals. The agent who made them was not called as a witness. Both the commissioners and property owners requested the appraisals. The commissioners wanted them for use as primary evidence of the value of property in the neighborhood. The property owners wanted them for use to impeach a government witness who testified that there was no land in the neighborhood worth more than $100 an acre, and to furnish a basis for evaluating other testimony.

The appraisals would not have been admissible as primary evidence. It does not appear that they were formal records. They were not admissible for impeachment purposes because the person who made them did not testify. If offered either to establish the value of lands in the neighborhood or to contradict witnesses who did not testify, the appraisals would have been properly excluded as hearsay. In addition to those rather academic reasons why the absence of the appraisals should not invalidate the report, it does not appear that any proper procedure was resorted to for the production of the documents.

It is asserted that "no market value of lands within the boundaries of the Lake City District being shown, value of lands therein at the time of taking must be determined by other factors, such as fertility, location, etc." Before evidence of so-called "actual" value may be substituted for the conventional "fair market value" it must first affirmatively appear that there is no market value. That was not shown.

It is contended that the market value of the marketable rock on the farm should be considered. The commissioners were instructed to determine the fair market value of the farm as a whole including the value of the rock quarry. There is no indication that the commissioners did not do so. It would have been improper for them to have made a separate allowance for the value of the rock.

The contention is made that interest should be allowed by the Court on the award from the date of taking. The determination of that question depends to a considerable extent upon facts which do not appear. It may properly be determined hereafter on proper motion or upon consideration of the order of distribution.

The commissioners were instructed that the amount paid by the Government for other property within the Lake City Ordnance Plant area was not to be considered in fixing the value of these tracts. The commissioners followed the instruction and excluded such evidence. The property owners contend that evidence of those transactions was proper. Those transactions were a part of the proceedings for the acquisition of the entire tract by the Government for the purpose heretofore indicated. The amounts paid were not arrived at in the usual course of barter and sale. The Government was forced to acquire it for an imperative need and with much dispatch. The property owner sold under threat of immediate appropriation. The elements of freedom of action, absence of coercion, and lack of necessity to buy or to sell, all of which are necessary to a transaction which is to be used as a criterion of fair market value, were all absent. The commissioners were properly instructed to disregard those transactions.

The report of the commissioners must be confirmed.

An intervening petition appears to have been filed by the State of Missouri at the relation of the Collector of Jackson County, setting up a claim to a portion of the amount awarded on account of state, county and school taxes alleged to be due. No proof of the facts necessary to the establishment of a lien on the awards was made. This issue may be hereafter determined on proper motion or upon final dis-

tribution and an opportunity to present evidence relating thereto will be given on request.

A formal judgment confirming the report of the commissioners together with formal findings and conclusions are filed herewith. Appropriate exceptions to all adverse rulings are allowed.