UNITED STATES of America upon the relation and for the Use of the TEN-NESSEE VALLEY AUTHORITY, Plaintiff,

v.

Grayson Lee HARRALSON, an Easement and Right-Of-Way et al., Defendants.

No. 1511.

United States District Court
W. D. Kentucky,
at Paducah.

Oct. 5, 1966.

John C. Lovett, Benton, Ky., Charles J. McCarthy, Gen. Counsel, T.V.A., Thomas A. Pedersen, Asst. Gen. Counsel, William W. Hurst, Beauchamp E. Brogan, Knoxville, Tenn., for plaintiff.

William E. Scent, Paducah, Ky., Johnstone & Eldred, Princeton, Ky., for defendants.

## INSTRUCTIONS TO COMMISSIONERS

The following instructions were tendered to the Court by counsel for the plaintiff in the above-styled action for the general guidance of the Commissioners appointed by the Court in accordance with Section 25 of the Tennessee Valley Authority Act of 1933, as amended. The instructions were approved by counsel for the defendants and were entered by The Honorable Roy M. Shelbourne, United States Senior District Judge, sitting by designation. They are intended as general instructions to be used by the Commissioners in all similar cases but are not intended as a complete set of instructions on all issues.

## INTRODUCTION

You have been selected to serve on a Commission, appointed by the Court under the provisions of the Tennessee Valley Authority Act,[1] to determine "just compensation" for the property that the Government has condemned in this case under its constitutional power of eminent domain. As far as you are concerned, the Government has the right to take and condemn the property involved herein, and you will not concern yourselves with any questions relating to the Government's right to take the property.

## JUST COMPENSATION

The Constitution of the United States provides that private property shall not be taken for a public use without the payment of "just compensation."[2]

In general "just compensation" means the fair and reasonable market value of the land or interest therein that is taken by the Government, to be determined as of the date of taking.[3]

By "fair and reasonable market value" is meant the highest price that a piece of property, as enhanced by the improvements thereon, if any, would bring when offered for sale in the market. It is the highest price that those having the ability and occasion to buy would be willing to pay. This does not mean the price that could be realized at a forced sale on short notice, but the price that could be obtained after reasonable and ample time,

[1]. 48 Stat. 58 (1933), as amended, 16 U.S.C. §§ 831–831dd (1964).

[2]. U.S.Const. Amend. V.

[3]. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934);

United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); United States ex rel. TVA v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943).

such as would ordinarily be taken by an owner to make a sale of like property. It does not necessarily mean cash, but it does mean cash or its equivalent, based on such usual terms of cash or credit as are usually agreed upon between buyer and seller, and which ultimately amount to cash. Otherwise stated, fair and reasonable market value means the price that the property would bring when offered for sale by one who wants to sell but is not forced to sell, and sought by one who would like to buy but is not required to buy, with the seller being allowed a reasonable time to find a purchaser.[4]

The fact that this case involves a controversy between the Government and private citizens is no reason why you should make a greater or lesser award than you would if such controversy were between private citizens. As said by the Supreme Court of the United States:

He is entitled to receive the value of what he has been deprived of, and no more. To award him less would be unjust to him; to award him more would be unjust to the public.[5]

Consequently, in determining the value of any lands or interests therein, the same considerations are to be regarded as in the sale of property between private individuals, and in such cases the inquiry is: "What is the property worth on the market?", and "What is it worth with respect to the uses for which it is plainly adapted?"[6] In the final analysis, " '[t]he worth of a thing is the price it will bring.' "[7]

Just compensation is not to be determined necessarily by the particular use to which a landowner may have put his property, but rather by reference to any and all uses for which it was available at the time of the taking.[8] The landowners are entitled to receive from the Government the full and perfect equivalent in money of the property taken based upon the most advantageous uses to which it might be subjected, and due consideration should be given to the uses to which the property was plainly adapted and for which it was available at the time it was taken. You should consider the situation of the lands and such uses as might reasonably be expected in the near future, so far as appears from the evidence, and so far as these considerations would affect the market value of the property at the time it was taken.[9]

In determining the fair market value, you should take into consideration all elements of value which would affect the market price of the land at the time it was taken, that is to say, all elements and factors which would be taken into consideration by reasonable buyers and sellers in arriving at a price to be paid for the property in arm's-length private negotiations between themselves. An "element of value" may be defined as anything which would induce a reasonable seller to demand more for the property because of the existence of such element and which would induce a reasonable buyer to give more because of the existence of such element.[10]

You should take into consideration all elements of value of these lands as shown by the evidence to have existed at the time the lands were taken; but elements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable, should be excluded from considera-

4. Instructions to Jury, 10 F.R.D. at 313.

5. Bauman v. Ross, 167 U.S. 548, 574, 17 S.Ct. 966, 976, 42 L.Ed. 270 (1897).

6. 10 F.R.D. at 313.

7. Standard Oil Co. of New Jersey v. Southern Pacific Co., 268 U.S. 146, 158, 45 S.Ct. 465, 467, 69 L.Ed. 890 (1925).

8. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934).

9. 10 F.R.D. at 313–314.

10. 10 F.R.D. at 314.

tion because to consider them would be to allow speculation and conjecture to become a guide in ascertaining the value of the lands, which should not be done.[11]

You are to consider the value of the land as a whole, as a unit. While in making your award you should consider all elements of value, such as farming value, if any, timber value, if any, or mineral value, if any, you cannot separately value each of these elements and aggregate them to reach the value of the entire tract. This is true because these factors of value do not exist independently of each other and cannot be realized at the same time.[12]

You are not to consider the value of the property to the Government,[13] nor may you consider any increase or increment of value by virtue of the activities of the Government with reference to the project for which the property is being acquired.[14] For example, a landowner might have underlying his property an abundant amount of stone for which there was no market at the time of the taking but for which a market would be created because of the use which the Government was to make of the land and other lands; in that instance you would not take the value of the stone into consideration.[15]

## PARTIAL TAKING

You may have instances in which the Government has taken a part only of a larger tract, leaving the remainder to the landowner. In such a situation the taking may not affect the value of the remainder in any way. On the other hand, it may either damage or benefit the remainder, depending upon the circumstances of the case. In any such situation the measure of just compensation is the same; that is, the difference between the fair and reasonable market value of the entire tract of land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking, as shown by a preponderance of the evidence.[16]

Where only a part of the property has been acquired and the remaining portion has been enhanced in value by reason of the project for which the Government is taking part of the land, these special benefits resulting from the project must be taken into consideration in arriving at your award.[17] General benefits are those which arise from the fulfillment of the public object which justified the taking and affect the community as a

11. Olson v. United States, 292 U.S. 246, 257, 54 S.Ct. 704, 78 L.Ed. 1236 (1934); 10 F.R.D. at 314; Cameron Develop. Co. v. United States, 145 F.2d 209 (5th Cir. 1944).

12. 10 F.R.D. at 314; United States v. Meyer, 113 F.2d 387 (7th Cir.), cert. denied, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459 (1940); Morton Butler Timber Co. v. United States, 91 F.2d 884 (6th Cir. 1937).

13. United States v. Cors, 337 U.S. 325, 333, 69 S.Ct. 1086, 93 L.Ed. 1392 (1949); United States v. Miller, 317 U.S. 369, 375, 63 S.Ct. 276, 87 L.Ed. 336 (1943).

14. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); United States v. Chandler-Dunbar Water Power Co., 229 U.S. 53, 33 S.Ct. 667, 57 L.Ed. 1063 (1913); Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893).

15. J. A. Tobin Constr. Co. v. United States, 343 F.2d 422 (10th Cir.), cert. denied, 382 U.S. 830, 86 S.Ct. 70, 15 L.Ed.2d 74 (1965).

16. United States v. Dickinson, 331 U.S. 745, 67 S.Ct. 1382, 91 L.Ed. 1789 (1946); United States v. Grizzard, 219 U.S. 180, 31 S.Ct. 162, 55 L.Ed. 165 (1911); Bauman v. Ross, 167 U.S. 548 (1897); United States ex rel. TVA v. Indian Creek Marble Co., 40 F.Supp. 811 (E.D.Tenn. 1941); United States ex rel. and for Use of TVA v. Davis, 41 F.Supp. 595 (E.D.Tenn.1941).

17. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270 (1897); United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); Aaronson v. United States, 65 App.D.C. 14, 79 F.2d 139 (1935); 18 Am.Jur., Eminent Domain, § 297 (1938).

whole.[18] Special benefits, on the other hand, are those which arise from the peculiar relation of the land in question to the public improvement and which accrue directly to the particular property because of the project for which the land is taken.[19] If you find that the remaining land has received special benefits as a result of the project, these benefits may be set off not only against severance damages, but also against the value of the land which has been taken, so that if the remaining property is worth more on the market than the entire property was worth before any of it was taken the landowner will not be entitled to any compensation in the form of money because he has already been compensated by the benefits which have accrued to his remaining property.[20]

## IMPROVEMENTS AND TIMBER

In cases of improved properties you should determine the fair and reasonable market values of the lands, as enhanced by the improvements thereon, but your award will be for the fair and reasonable value of the property as a whole.[21] You do not find that value by first determining the value of the land standing alone and then the value of the improvements standing alone and adding the two figures together.[22] Likewise, if the property contains timber, such timber should not be valued separately but should be valued as a part of the land.[23] The market value of the entire property being the issue, it is improper to value the buildings and timber separately because the value of these separate items is necessarily affected by the value of the land, its location, its surroundings, and the uses to which it could be put.[24] The value of a piece of land may be more than the sum of the values of the land and improvements, considered separately, or it may be less than such sum.[25]

## MINERALS

It may be claimed with respect to some of the lands involved that they are underlain with deposits of minerals which enhance the value of such lands. If you believe from a preponderance of the evidence that any of the lands here involved do contain mineral deposits, such deposits shall be taken into consideration by you in fixing the market value of such lands if you believe that the presence of such deposits in fact affects market value. That is to say, you will find the market values of such lands at the time of taking with the minerals in the ground.[26] On the other hand, if you do not find from a preponderance of the evidence that a given tract con-

18. 3 Nichols, Eminent Domain § 8.6203 (rev. 3d ed. 1965).

19. Ibid.

20. United States v. 1,000 Acres of Land, etc., 162 F.Supp. 219 (D.C.1958).

21. United States v. Meyer, 113 F.2d 387 (7th Cir.), cert. denied, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459 (1940); Fain v. United States, 145 F.2d 956 (6th Cir. 1944); Morton Butler Timber Co. v. United States, 91 F.2d 884 (6th Cir. 1937).

22. United States v. Meyer, 113 F.2d 387 (7th Cir.), cert. denied, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459 (1940); Fain v. United States, 145 F.2d 956 (6th Cir. 1944); Morton Butler Timber Co. v. United States, 91 F.2d 884 (6th Cir. 1937); United States v. Certain Parcels of Land, etc., 149 F.2d 81 (5th Cir. 1945).

23. Morton Butler Timber Co. v. United States, 91 F.2d 884 (6th Cir. 1937); United States v. Meyer, 113 F.2d 387 (7th Cir.), cert. denied, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459 (1940).

24. Devou v. City of Cincinnati, 162 F. 633 (6th Cir.), cert. denied, 212 U.S. 577, 29 S.Ct. 685, 53 L.Ed. 658 (1908); Morton Butler Timber Co. v. United States, 91 F.2d 884 (6th Cir. 1937).

25. 10 F.R.D. at 315.

26. United States ex rel. TVA v. Indian Creek Marble Co., 40 F.Supp. 811 (E.D. Tenn.1941); United States v. Certain Lands in Jackson County, 48 F.Supp. 591 (W.D.Mo.1942); United States v. 620.00 Acres of Land, etc., 101 F.Supp. 686 (W. D.Ark.1952).

tains a mineral deposit, or if you do not believe that such deposit in fact affects the market value of the land,[27] then you will not consider any mineral value in determining just compensation for that particular tract. A deposit of minerals would affect the value of a tract of land if it is of such a nature that a reasonable seller would demand more for the land, and if a reasonable buyer would give more for it on account of the presence of such deposit.[28]

## DIVIDED OWNERSHIPS AND LEASES

You may encounter tracts where there is a divided ownership of lands and minerals, or lands and timber—that is to say a case where one person owns the surface of the lands and another person or persons owns the minerals or timber. Such a situation will require you to apportion the fair and reasonable market value of the land as a whole, including the minerals and timber, between the owner of the surface and the owner of the minerals or timber. In order to do this you will first find the fair and reasonable market value of the tract of land as a whole, just as though all interests therein were owned by one person, disregarding the fact that one person owned the surface and another the minerals or timber.[29] After you have done that, you will apportion that amount by determining, for the purpose of such apportionment alone, the fair and reasonable market value of the outstanding mineral or timber interest, taking into consideration outstanding royalty interests, if any, and that value will be the amount that the mineral or timber owner is entitled to receive. You will then deduct that value from the value that you have previously found to be the fair and reasonable market value of the tract as a whole, and the difference will be what the surface owner will be entitled to receive.[30]

The same principle will apply with respect to a tract of land where there is an outstanding leasehold interest.[31] You will first find the fair and reasonable market value of the tract as a whole as of the date of taking, disregarding the lease; you will then for purposes of apportionment determine the fair and reasonable market value of the lease as of the date of taking, which will be the amount the holder of the lease is entitled to receive, and you will then subtract the value of the lease from the value of the tract as a whole, and the difference will be what the owner of the fee will receive.[32]

## EASEMENTS

Sometimes the Government does not condemn the fee simple title to lands, but simply acquires certain rights and privileges with respect thereto, which are known as "easements," leaving the landowner free to make such use of his property as he may find expedient or practicable so long as he does not interfere with the rights acquired by the Government. In such a case the landowner's measure of just compensation is the difference between the fair and reasonable market value of the land free and clear of the easement and its fair and reasonable market value,

27. United States v. Certain Lands in Town of Highlands, 45 F.Supp. 126 (S.D.N.Y. 1942).

28. 10 F.R.D. at 316.

29. Eagle Lake Improvement Co. v. United States, 160 F.2d 182 (5th Cir.), cert. denied, Humble Oil & Refining Co. v. United States, 332 U.S. 762, 68 S.Ct. 64, 92 L.Ed. 347 (1947) (minerals); United States v. 250 Acres of Land, More or Less, 43 F.Supp. 937 (S.D.Tex.1942)

(minerals); Meadows v. United States, 144 F.2d 751 (4th Cir. 1944) (timber).

30. 10 F.R.D. at 317.

31. United States v. City of New York, 165 F.2d 526, 1 A.L.R.2d 870 (2d Cir. 1948); United States v. 1.87 Acres of Land, etc., 155 F.2d 113 (3d Cir. 1946); Silberman v. United States, 131 F.2d 715 (1st Cir. 1942).

32. Carlock v. United States, 60 App.D.C. 314, 53 F.2d 926 (1931).

subject to the easement, as of the date of taking, as shown by a preponderance of the evidence.[33] This result can be achieved in either of two ways. The witness may value the entire property before and after the taking, or he may reach the same result by valuing the exact land covered by the easement before and after the taking and adding to this any incidental damages, or subtracting any incidental benefits, to the remainder of the property, at the case may be.[34] When the latter method is used, the land within the easement area must be valued as a part of the entire property rather than treating it as a separate and distinct tract of land.

Where only an easement is acquired it is not proper to allow the full fee value of the land within the easement area.[35] The fact that the fee remains in the landowner must be taken into consideration. Where any substantial enjoyment of the land still remains in the owner, it is treated as a partial instead of a total divesting of his interest in the land.[36] The rights remaining in the landowner are usually very substantial where only a power line easement is taken. In such a situation the property owner may make any use of the property which is not inconsistent with its use for the purpose

for which it was taken, and, subject to such paramount rights of the Government, he may cultivate the land, pass along and across it, fence and cross-fence it, and generally use it in any way which does not affect the rights of the Government. The title to trees and shrubbery, grass, underlying minerals or oil, and springs within the right-of-way remain in the owner.[37]

## OFFERS TO PURCHASE

It is not permissible for a landowner to state or prove what he has been offered for the property involved, nor for him to prove an unaccepted offer to purchase made by one not a party to the suit.[38]

## SALES OF SIMILAR PROPERTY

Evidence of sales of comparable property is admissible and should be considered by you and given the weight that you think it should have in determining the fair and reasonable market value of the lands in question. Sales at arm's length of similar property are the best evidence of market value, and ordinarily such transactions are better evidence of value than the mere opinions of witnesses on the subject.[39] Likewise, a recent sale of the particular land in condemnation is highly significant and should be taken

33. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270 (1897); Karlson v. United States, 82 F.2d 330 (8th Cir. 1936); Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934); United States v. 2,648.31 Acres of Land, etc., 218 F.2d 518 (4th Cir. 1955).

34. United States ex rel. and for use of TVA v. An Easement and Right of Way, etc., 182 F.Supp. 899 (M.D.Tenn.1960); United States v. 213.43 Acres of Land, etc., 108 F.Supp. 446 (D.N.D.1952); Puget Sound Power & Light Co. v. City of Puyallup, 51 F.2d 688 (9th Cir. 1931).

35. United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746 (1917); United States v. 2,648.31 Acres of Land, etc., 218 F.2d 518 (4th Cir. 1955); United States ex rel. and for use of TVA v. An Easement and Right of Way, etc., 182 F.Supp. 899 (M.D.Tenn.1960).

36. United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746 (1917).

37. 20 C.J. Eminent Domain § 585 (1920); 30 C.J.S. Eminent Domain § 451; Annot., 46 A.L.R. 1463 (1927); United States ex rel. and for use of TVA v. An Easement and Right of Way, etc., 182 F.Supp. 899 (M.D.Tenn.1960).

38. Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211 (1903); Jayson v. United States, 294 F.2d 808 (5th Cir. 1961); United States v. Regents of New Mexico School of Mines, 185 F.2d 389 (10th Cir. 1950); St. Joe Paper Co. v. United States, 155 F.2d 93 (5th Cir. 1946); United States v. Smith, 355 F.2d 807 (5th Cir. 1966).

39. Welch v. Tennessee Valley Authority, 108 F.2d 95 (6th Cir. 1939), cert. denied, Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309

into consideration in arriving at its market value.[40]

In evaluating such evidence you should take into consideration the facts and circumstances of such sales, as shown by the evidence and your view of those properties, the location and accessibility of the lands subject to such sales, as compared to the location and accessibility of the lands with which you are concerned, the quality of the lands so sold as compared to the quality of those here involved, and any other established factors of similarity or dissimilarity shown by the evidence.

### SALES TO THE GOVERNMENT

While the prices paid in sales of similar property between private parties are admissible, the price the Government has paid for other property is not admissible in evidence and is incompetent to prove the market value of land under condemnation.[41] Such sales are not a fair criterion of value for the reason that they are not free sales but are in the nature of a compromise to avoid a lawsuit. Likewise, what the Government has offered for the property in condemnation or has offered for other property is not admissible in evidence and should not be considered in making your determination of just compensation for the property taken.[42]

### PRODUCTIVITY, INCOME, AND PROFITS

It may be that you will hear evidence as to the productivity of the lands involved and related to income derived therefrom. That evidence may be considered only to the extent, if any, that it may shed light upon the fair and reasonable market value of the lands as of the date of taking. Of course, the productivity of agricultural lands is a factor going into the market value of a farm, and it should be given its just weight.[43] In considering the evidence, however, you should bear in mind that both productivity and income depend not only upon the land itself but also, and in large measure, on weather conditions, rainfall, efficiency of management, market conditions, acreage allotments likely to be available to a purchaser, and other variable factors. You are instructed, therefore, that past profits and anticipated profits from any business, especially farming, are too uncertain and speculative to furnish a basis for determination of market value of land.[44] It is also improper to arrive at

U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940); United States v. Whitehurst, 337 F.2d 765 (4th Cir. 1964); United States v. 2,872.88 Acres of Land, etc., 310 F.2d 775 (5th Cir. 1962), modified on other grounds, United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964); United States v. Smith, 355 F.2d 807 (5th Cir. 1966).

40. United States v. Certain Parcels of Land, etc., 144 F.2d 626, 155 A.L.R. 253 (3d Cir. 1944); Government of Virgin Islands v. 50.05 Acres of Land, etc., 190 F.Supp. 543 (D.V.I.1961); United States v. Becktold Co., 129 F.2d 473 (8th Cir. 1942); Simmonds v. United States, 199 F.2d 305 (9th Cir. 1952).

41. Slattery Co. v. United States, 231 F. 2d 37 (5th Cir. 1956); United States ex rel. and for Use of TVA v. Bailey, 115 F.2d 433 (5th Cir. 1940); United States ex rel. and for Use of TVA v. Reynolds, 115 F.2d 294 (5th Cir. 1940);

United States v. 13,255.53 Acres of Land, etc., 158 F.2d 874 (3d Cir. 1946).

42. United States ex rel. TVA v. Neal, 45 F.Supp. 382 (E.D.Tenn.1942); Stephens v. United States, 235 F.2d 467 (5th Cir. 1956); United States v. Playa De Flor Land & Improvement Co., 160 F.2d 131 (5th Cir. 1947).

43. Carr v. United States, 28 F.Supp. 236 (W.D.Ky.1939); Welch v. Tennessee Valley Authority, 108 F.2d 95 (6th Cir. 1939), cert. denied, Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940).

44. Welch v. Tennessee Valley Authority, 108 F.2d 95 (6th Cir. 1939), cert. denied, Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940); United States v. Meyer, 113 F. 2d 387 (7th Cir.), cert. denied, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459 (1940);

market value by capitalizing estimated income or profits derived from the property or business conducted thereon.[45]

## LANDOWNER'S PLANS

It is not proper for the landowner to show the purpose for which the land was purchased by him or how he intended to use it in the future.[46] Neither is it proper for the landowner to show that his plans had been frustrated by the taking of his property, or what the land was worth to him, because these are all matters which are personal to the owner and do not have a bearing on the market value of the property or the compensation to which the owner is entitled.[47]

## ATTORNEY FEES AND INTEREST

In making your award you are not to allow anything to the landowner for his attorney's fee or expenses in connection with this litigation. These are not proper elements for you to take into consideration in reaching your decision.[48]

Neither are you to allow the landowner any interest on the award which you may reach, because the federal statutes themselves make provision for such interest as is allowed.[49]

## VIEW OF PROPERTIES

The law contemplates that the Commissioners will personally view the properties to enable them to better understand and weigh the testimony which they hear during the course of the trial.[50] The fact that you are to view these lands does not mean that you will be entitled to disregard the testimony in the case and decide the questions of just compensation solely upon your knowledge and opinions based on what you may see during your view.[51] You may, however, take into consideration what you will see on the view; and you will base your awards on both the view and the testimony that you will hear.[52] You should keep in mind in connection with your view that you are not concerned

United States v. Ham, 187 F.2d 265 (8th Cir. 1951); Carr v. United States, 28 F. Supp. 236 (W.D.Ky.1939).

45. United States ex rel. and for Use of TVA v. Davis, 41 F.Supp. 595 (E.D. Tenn.1941); Welch v. Tennessee Valley Authority, 108 F.2d 95 (6th Cir. 1939), cert. denied, Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940).

46. St. Joe Paper Co. v. United States, 155 F.2d 93 (5th Cir. 1946); Five Tracts of Land, etc. v. United States, 101 F. 661 (3d Cir. 1900); West Virginia Pulp & Paper Co. v. United States, 200 F.2d 100 (4th Cir. 1952); United States v. 992.61 Acres of Land, etc., 201 F.Supp. 578 (W.D.Ark.1962).

47. United States ex rel. TVA v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943); United States v. Grand River Dam Authority, 363 U.S. 229, 80 S.Ct. 1134, 4 L.Ed.2d 1186 (1960); West Virginia Pulp & Paper Co. v. United States, 200 F.2d 100 (4th Cir. 1952); United States v. 992.61 Acres of Land, etc., 201 F.Supp. 578 (W.D.Ark.1962).

48. Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930); In re

Clark's Estate, 187 F.2d 1003 (5th Cir. 1951); United States v. 251.81 Acres of Land in Meade County, Ky., 50 F.Supp. 81 (W.D.Ky.1943).

49. 40 U.S.C. § 258a (1964).

50. Welch v. Tennessee Valley Authority, 108 F.2d 95, 97 (6th Cir. 1939), cert. denied, Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940); United States ex rel. TVA v. Indian Creek Marble Co., 40 F.Supp. 811, 817 (E.D.Tenn.1941).

51. Welch v. Tennessee Valley Authority, 108 F.2d 95, 101 (6th Cir. 1939), cert. denied, Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940); see United States v. Merz, 376 U.S. 192, 197, 84 S.Ct. 639, 11 L.Ed. 2d 629 (1964).

52. Fain v. United States, 145 F.2d 956 (6th Cir. 1944); United States ex rel. TVA v. Indian Creek Marble Co., 40 F. Supp. 811 (E.D.Tenn.1941); United States ex rel. and for Use of TVA v. Davis, 41 F.Supp. 595, 598 (E.D.Tenn. 1941).

with the value of the property as it may exist at the time the view is taken, but with its value as of the time that it was condemned. During such inspection of the property it is appropriate that you be accompanied by the landowner and counsel representing the various parties who will point out to you various features of the property which will be developed in the testimony, but it is not appropriate at such time to allow the parties to "argue" the case or offer off-the-record comments concerning the merits of the case.

## CONDUCT OF HEARINGS

You will conduct your hearings at such times and places as you may select. With regard to times, it is desirable, of course, that your work be done as expeditiously as is compatible with efficiency and consistent with justice. Reasonable notice of the times and places of hearings should be given the interested parties or their attorneys, and you may call upon the Government attorneys to provide you with forms of such notices. As to the place of the hearings, it is suggested that a place be selected that is convenient to the Commissioners, the attorneys, the parties, and the witnesses, and preferably in reasonable proximity to the lands.

In the course of your hearings certain questions of admissibility of evidence will almost surely arise and will have to be decided. Since your Chairman is an experienced attorney, you should allow him to rule on those questions.

Since the burden of proof on the issue of value is on the landowner,[53] the proper order of proof will be for the landowner to call his witnesses, then for the Government to call its witnesses, then for the landowner to call his rebuttal witnesses, if any, and finally the Government may, if it desires, call witnesses in surrebuttal.[54] It is up to you whether or not you desire to hear oral arguments.

You are at liberty to impose a reasonable limit (say three or four per side) on the number of witnesses who may testify as to land values or damages, provided this limitation is announced in advance of the hearing.[55] In such an event the parties will also be allowed to present other witnesses to testify as to other facts and aspects of the case.

The law contemplates that there shall be a full and complete trial of the issues before the Commissioners, and it is therefore improper for the parties to withhold a part of their case with a view of presenting it initially on appeal to the Court.[56]

While it is generally desirable for a landowner in a controversy with the Government over the value of his land to have an attorney, he is not obliged to employ one, but may, if he desires, prosecute his own claim before you. The chairman and the members of the Commission have the right to interrogate any witnesses that may be called by the parties.

A competent court reporter will normally be provided by the Government to report the evidence that you may receive. If you desire a transcript of any testimony, the Court should be notified and it will direct that such transcript be

53. United States ex rel. TVA v. Powelson, 319 U.S. 266, 273, 63 S.Ct. 1047, 87 L. Ed. 1390 (1943); Welch v. Tennessee Valley Authority, 108 F.2d 95, 101 (6th Cir. 1939), cert. denied, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940); United States v. Glanat Realty Corp., 276 F.2d 264 (2d Cir. 1960).

54. United States v. Crary, 2 F.Supp. 870 (W.D.Va.1932); United States v. A Certain Tract or Parcel of Land in Chatham County, Ga., 47 F.Supp. 30 (S.D.Ga. 1942); United States v. Savannah Shipyards, 139 F.2d 953 (5th Cir. 1944); 5 Nichols, Eminent Domain § 18.5[2] (rev. 3d ed. 1962).

55. Chapman v. United States, 169 F.2d 641 (10th Cir.), cert. denied, 335 U.S. 860, 69 S.Ct. 134, 93 L.Ed. 406 (1948).

56. United States v. Travis, 37 F.Supp. 336 (W.D.Ky.1941).

furnished. If any of the parties desire a transcript, they may order it from the reporter and must make arrangements to pay for it at the regular rates.

## WEIGHING THE EVIDENCE

When opinion evidence has been introduced as to the value of the land and the amount of compensation that in the opinion of the witness should be awarded, you should bear in mind that such opinion is not a statement of fact but it is an expression of the witness' opinion of the market value.[57]

In considering such testimony it is your duty to determine whether such opinion is correct or erroneous, and in arriving at your conclusion you should consider the manner and demeanor of the witness, his bias or lack of bias, the grounds upon which the witness bases his opinion, his experience and knowledge of the matters about which he testifies, particularly his knowledge of the property involved and of sales of similar property, along with other evidence in the case, and the reasonableness or unreasonableness of his opinion as viewed in the light of the knowledge and experience of the witness.[58] Such opinions as to value and damages are not binding on you, but are advisory only.[59] While you are to consider all the evidence, and may not arbitrarily disregard any of it,

you are at liberty to disregard any testimony which, according to your own knowledge and experience, is extravagant, unreasonable, or contrary to common sense.[60] An opinion is no better than the facts or assumptions on which it is based, and an opinion which is in conflict with the physical facts, or based on an unwarranted theory, may be disregarded.[61] Likewise, if you find that the testimony of a witness is contradictory, inconsistent, or incredible, it may be disregarded.[62]

Generally speaking, in condemnation cases valuation is not a matter of mere mathematical calculation but involves the exercise of judgment.[63]

You are not bound to decide any issue in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness and which evidence appeals to your minds as being more reasonable and otherwise trustworthy. The testimony of a single witness which produces in your minds belief in the likelihood of truth and reason is sufficient for the proof and would

57. 10 F.R.D. at 319.

58. Ibid.

59. United States v. Certain Lands in Town of Highlands, etc., 36 F.Supp. 968, 971 (S.D.N.Y.1941); The Conqueror, 166 U. S. 110, 17 S.Ct. 510, 41 L.Ed. 937 (1897); Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627–628, 64 S.Ct. 724, 88 L.Ed. 967 (1944); Weicker v. Howbert, 103 F.2d 105, 110 (10th Cir. 1939); Spero-Nelson v. Brown, 175 F.2d 86, 90 (6th Cir. 1949); United States v. 2,049.85 Acres of Land, etc., 49 F.Supp. 20, 23 (S.D.Tex.1943).

60. Gilooley v. Pennsylvania R. R., 10 Fed. Cas. p. 417 (No. 5,448b) (S.D.N.Y.1879); Kentucky Util. Co. v. Bruner, 400 S.W. 2d 203 (Ky.1966); 32 C.J.S. Evidence § 567 (1964).

61. State of Washington v. United States, 214 F.2d 33, 43 (9th Cir.), cert. denied, 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679 (1954); International Paper Co. v. United States, 227 F.2d 201 (5th Cir. 1955); City of Maryville v. Farmer, 244 F.2d 456, 459 (6th Cir. 1957); Alcott Co. v. Raphael, 275 F.2d 551 (5th Cir. 1960); Likins-Foster Monterey Corp. v. United States, 308 F.2d 595 (9th Cir. 1962); United States v. Smith, 355 F.2d 807 (5th Cir. 1966).

62. Viles v. Commissioner of Int. Rev., 233 F.2d 376 (6th Cir. 1956); Kite v. Commissioner of Int. Rev., 217 F.2d 585 (5th Cir. 1955); United States v. Smith, 355 F.2d 807 (5th Cir. 1966).

63. United States v. Whitehurst, 337 F.2d 765 (4th Cir. 1964).

justify a verdict in accordance with such testimony even though a number of witnesses may have testified to the contrary if, after fully considering all of the evidence in the case, you hold greater belief in the accuracy and honesty of the one witness.[64]

## QUOTIENT VERDICT

Sometimes in determining values, fact finders are inclined to arrive at what is termed in law a "quotient verdict." A quotient verdict is one arrived at by each of the jurors setting down some figures in writing or otherwise and then adding up the total of the 12 figures and dividing the figure by 12 to arrive at the verdict. Another method of arriving at a quotient verdict is by adding together the values fixed by all the witnesses who have testified as to a particular tract and then dividing that total by the number of witnesses, fixing the value of the land in that fashion.

A third method of arriving at a quotient verdict might be through taking the highest value and the lowest value and, as is commonly said, "splitting the difference."

No one of these methods should be used or considered by you in any manner in arriving at just compensation.[65] You should be careful to avoid any such procedure, and you should base your award upon all the evidence considered as a whole and thus arrive at an amount which in your opinion is just compensation for the property taken.

## REPORT AND AWARD

As soon as practicable after you have completed a hearing, you should file a report with the Court showing the award made by you. Standard forms of such awards may be secured from counsel for the Government. If you do not care to use this short form award, you may file a more complete report which will disclose your basic findings and such evidentiary findings and comment as you may consider necessary or desirable in explaining the basis on which you arrived at your decision.

## GENERAL PRECAUTIONS

All of you have probably heard juries admonished in both civil and criminal cases not to discuss such cases with outsiders or to permit outsiders to discuss the cases with them. Your function in this case is somewhat, though not entirely, similar to that of a jury, and you may well have the problem that jurors sometimes have about interested parties wishing to have an outside discussion of the case. This should be avoided by you. If any person undertakes to discuss the case with you privately, tell him that you are on the Commission and that it is not proper for you to have a private conversation with him about the case or about the tract in which he is interested. Should such person persist in his efforts, the matter should be reported to the Court.

The instructions herein contained are general in their nature; some of the problems that have been touched upon may not arise in this case, and, on the other hand, some may arise which have not been mentioned. In the latter event you may call upon the Court for further instructions.

64.  22 F.R.D. 144; United States v. 711.57 Acres of Land in Eden Tp., etc., 51 F. Supp. 30 (N.D.Cal.1943).

65.  Myra Foundation v. United States, 267 F.2d 612 (8th Cir. 1959); United States v. 4,925 Acres of Land, etc., 143 F.2d 127 (5th Cir. 1944); United States v. 711.57 Acres of Land in Eden Tp., 51 F.Supp. 30 (N.D.Cal.1943).